**Richard W. KYLE, Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION,
Respondent.**

**Robert L. OSWALD, Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION and Merit Systems Protection Board, Respondents.**

**Paul A. STONE, Petitioner,**

v.

**DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Respondent.**

**Nos. 79–1307, 79–1345 and 79–1505.**

United States Court of Appeals,
District of Columbia Circuit.

Oct. 26, 1979.

As Amended Jan. 8, 1980.

---

139 U.S.App.D.C. 171, 432 F.2d 604, 605 & n.3 (D.C.Cir. 1970).

1. I do not subscribe to the dicta in n.31.

William Kanter, Joseph B. Scott and Marleigh Dover Lang, Attys., Dept. of Justice, Washington, D. C., were on the motions to dismiss for respondents.

Myles J. Ambrose, Washington, D. C., was on the opposition to the motions to dismiss for petitioners in Nos. 79–1307 and 79–1345.

Paul A. Stone was on the opposition to the motions to dismiss for petitioner pro se in No. 79–1505.

Before WRIGHT, Chief Judge, and LEVENTHAL * and WALD, Circuit Judges.

Opinion per curiam.

PER CURIAM:

In these cases, three federal employees have petitioned for review of the final orders of the Merit Systems Protection Board upholding agency adverse personnel actions. We dismiss for lack of jurisdiction because the savings provision of the Civil Service Reform Act precludes direct review in this court.

## I.

The Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111, which became effective on January 11, 1979, provides for review of final orders or decisions of the Merit Systems Protection Board in the Court of Claims or a United States Court of Appeals, 5 U.S.C.A. § 7703(b)(1) (Supp. 1979). A savings clause, however, makes the Act inapplicable to cases instituted before its effective date:

No provision of this Act shall affect any administrative proceedings pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted.

* Circuit Judge LEVENTHAL did not participate in this decision.

Pub.L. No. 95–454, § 902(b), 92 Stat. 1111 (5 U.S.C.A. § 1101 note (Supp.1979)). In the interest of affording maximum rights to aggrieved employees, the Merit Systems Protection Board promulgated regulations construing the savings clause:

> No provision of the Civil Service Reform Act shall be applied by the Board in such a way as to affect any administrative proceeding pending at the effective date of such provision. "Pending" is considered to encompass existing agency proceedings, and appeals before the Board or its predecessor agencies, that were subject to judicial review or under judicial review on January 11, 1979, the date on which the Act became effective. An agency proceeding is considered to exist once the employee has received notice of the proposed action.

44 Fed.Reg. 38349, 38360–61 (1979) (to be codified in 5 C.F.R. § 1201.191(b)).

Each of these cases involves an employee who received notice of the proposed personnel action before, but had his case decided adversely by the Merit Systems Protection Board after, the Act became effective.[1] Under the Merit Systems Protection Board's interpretation of the savings clause, each proceeding was pending when the Act became effective, and must therefore be reviewed judicially under prior law, which did not permit review in a Court of Appeals.[2]

## II.

The Board's interpretation is consistent with the language of the savings clause: "Orders shall be issued in such proceedings and *appeals shall be taken therefrom* as if this Act had not been enacted." Pub.L. No. 95–454, § 902(b), 92 Stat. 1111 (5 U.S.C.A. § 1101 note (Supp.1979)) (emphasis added). Moreover, the interpretation reaches a logical result. If prior law is to govern the administrative stage of a proceeding, it should govern judicial review as well. To conclude otherwise may produce incongruous results or even preclude judicial review entirely for some employees. For example, the Act's thirty-day statute of limitation, 5 U.S.C.A. § 7703(b)(1) (Supp.1979), may foreclose review for employees whose personnel actions could have been reviewed under the six-year limitation period of prior law, 28 U.S.C. §§ 2401, 2501 (1976).[3]

The Board's interpretation of the savings clause should be respected, in accordance with the judicial deference usually accorded to the interpretation made by the agency charged with a statute's administration. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). The Supreme Court recently reaffirmed this principle with its reminder that courts "are bound by the 'principle that the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong.'" *Miller v. Youakim*, 440 U.S. 125, 99 S.Ct. 957, 969 n.25, 59 L.Ed.2d 194 (1979),

---

1. In No. 79–1307, the Interstate Commerce Commission issued notice of the proposed removal of Richard W. Kyle from his position as Deputy Congressional Relations Officer on June 7, 1978. Kyle appealed on July 20, 1978, and the Merit Systems Protection Board rendered its decision on February 22, 1979.

   In No. 79–1345, the ICC issued notice of its intention to remove Robert L. Oswald from his position as Secretary/Congressional Relations Officer on December 1, 1977. Oswald appealed on January 20, 1978, and the Board rendered its decision on March 1, 1979.

   In No. 79–1505, Paul A. Stone was removed to a lower grade position within the Department of Health, Education and Welfare. HEW initiated the change on November 28, 1978; the Board received Stone's appeal on January 29, 1979 and entered its decision on April 18, 1979.

2. 28 U.S.C. §§ 1346, 1491 (1976).

3. The thirty-day statute of limitation in the Act would be particularly likely to preclude review for employees whose cases had been decided by the Federal Employee Appeals Authority (predecessor of the Merit Systems Protection Board) before January 11, 1979, and who had relied on the six-year period in prior law. Another panel of this court found that the savings clause of the Act also preserves prior law for judicial review of cases decided by the Appeals Authority before January 11, 1979. No. 79–1070, *Leonard O. Davis v. Jimmy Carter, et al.*; No. 79–1764, *James W. Judkins v. Merit Systems Protection Board.*

quoting *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969). When an agency regulation is reasonably related to the purposes of the enabling legislation, its validity is to be sustained. *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1660, 36 L.Ed.2d 318 (1973). The Board's regulation accomplishes the purpose of the savings clause: to ensure that all personnel actions initiated prior to January 11, 1979 are decided under prior law. It is therefore valid.

Accordingly, the personnel actions in these cases are to be reviewed under prior law, which prescribes the Court of Claims or the appropriate United States District Court as the proper forum. Because this Court lacks jurisdiction, the petitions for review are dismissed.