**Gary D. MOTLEY, Petitioner,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF the ARMY and the United States Merit Systems Protection Board, Respondents.**

No. 79–2328.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1979.

James E. Davis, Texarkana, Ark., for petitioner.

Charles K. Tinkler, Chief Appeals Officer, Merit Systems Protection Board, Edward L. Self, Asst. Appeals Officer, William Kanter, Appellate Staff, Civil Div., Dept. of Justice, Washington, D. C., for respondents.

Before GODBOLD, RONEY and VANCE, Circuit Judges.

PER CURIAM:

In this federal employee personnel case Gary Motley seeks review in this Court of a Merit Systems Protection Board[1] decision affirming the discharge of Motley from his job at the Red River Army Depot in Texarkana, Texas. The Government's motion to dismiss Motley's petition for review is granted because under the savings provisions of the Civil Service Reform Act of October 13, 1978, Pub.L.No. 95–454, § 902, 47 U.S.L.W. 45, 79–80 (Nov. 28, 1978), this Court lacks jurisdiction to review directly the agency's decision.

The Department of the Army discharged Motley in October 1978. Motley appealed the discharge to the Civil Service Commission, the precursor agency to the Merit Systems Protection Board. The decision affirming the agency's discharge of Motley was issued by the Merit Systems Protection Board in February 1979. Motley's petition for review in this Court followed.

Under the Act "[a]ny employee or applicant for employment adversely affected or aggrieved by a final order or decision of the

---

1. Effective January 1, 1979, the Civil Service Commission was reorganized into the Merit Systems Protection Board and the Office of Personnel Management (OPM). Reorganization Plan No. 2 of 1978, 43 Fed.Reg. 36036. On January 11, 1979 the Civil Service Reform Act of 1978, Pub.L.No. 95–454, codified the central features of Reorganization Plan No. 2 and specified that the adjudicating functions of the Commission would be administered by the independent Merit Systems Protection Board while the management functions of the Commission would become the province of OPM. *See* Pub.L.No. 95–454, 92 Stat. 1111.

Merit Systems Protection Board may obtain judicial review of the order or decision." 5 U.S.C.A. § 7703(a)(1). Additionally, the Act provides, "a petition to review a final order or final decision of the Board shall be filed in the Court of Claims or a United States court of appeals . . . ." 5 U.S.C.A. § 7703(b)(1). By express provision, however, the Act does not apply to any proceeding pending on January 11, 1979, the effective date of the Act. Pub.L.No. 95–454, §§ 902, 907, 47 U.S.L.W. 79–81.

The savings clause which governs cases pending on the effective date of the Act provides,

### SAVINGS PROVISIONS

Sec. 902. (a) Except as otherwise provided in this Act, all executive orders, rules, and regulations affecting the Federal service shall continue in effect, according to their terms, until modified, terminated, superseded, or repealed by the President, the Office of Personel Management, the Merit Systems Protection Board, the Equal Employment Opportunity Commission, or the Federal Labor Relations Authority with respect to matters within their respective jurisdictions.

(b) No provision of this Act shall affect any administrative proceedings pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted.

(c) No suit, action, or other proceeding lawfully commenced by or against the Director of the Office of Personnel Management or the members of the Merit Systems Protection Board, or officers or employees thereof, in their official capacity or in relation to the discharge of their official duties, as in effect immediately before the effective date of this Act, shall abate by reason of the enactment of this Act. Determinations with respect to any such suit, action, or other proceeding shall be made as if this Act had not been enacted.

Pub.L.No. 95–454, § 902, 47 U.S.L.W. 79–80.

Motley commenced the administrative proceedings in this case in October 1978, and the case was pending before the Board on January 11, 1979, the effective date of the Act. This case falls squarely within the plain language of the savings clause as an administrative proceeding "pending at the time" the Act took effect. Accordingly, this matter is governed by the law in effect prior to January 11, 1979. Judicial review, therefore, lies either in the appropriate district court or in the Court of Claims. 5 U.S.C.A. § 702. *See* 5 C.F.R. ——, 44 Fed. Reg. 38360–38361 (1979) (to be codified in 5 C.F.R. ——).

The motion to dismiss the petition for review is therefore granted.

PETITION DISMISSED.