**Franklin A. ELLIS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 79–2453.**

United States Court of Appeals, Third Circuit.

Submitted Jan. 7, 1980.

Decided Jan. 18, 1980.

James Logan, Jr., Mount Holly, N. J., for petitioner.

William Kanter, Dept. of Justice, Civil Division, Appellate Staff, Washington, D. C., for respondent; Jane M. Edmisten, Deputy Gen. Counsel, Merit Systems Protection Bd., Washington, D. C., of counsel.

Before SEITZ, Chief Judge, ADAMS and WEIS, Circuit Judges.

## OPINION SUR MOTION TO DISMISS THE PETITION

PER CURIAM:

Franklin Ellis petitioned this Court for direct review of an order by the Civil Service Commission's Federal Employee Appeals Authority affirming his removal by the Department of the Army from a position as Housing Project Manager. Upon the Government's motion, we dismiss the petition for lack of jurisdiction.

On November 23, 1977, Ellis was notified of the Army's charges against him and its intention to remove him from his position at Fort Dix, New Jersey. He replied in writing to the charges against him, but was notified by a letter dated February 2, 1978, of the decision to remove him as of February 10. An appeal was taken on February 21, 1978, to the Federal Employee Appeals Authority (predecessor to the Merit Systems Protection Board) of the Civil Service Commission. In an opinion dated November 3, 1978, the Appeals Authority affirmed the removal action and notified Ellis that its decision constituted the Agency's final order, from which judicial review could be pursued. Ellis' subsequent request to reopen and reconsider the decision was denied by the Merit Systems Protection Board on August 31, 1979; a petition for review in this Court followed.

Under the Civil Service Reform Act of 1978, any employee adversely affected by a decision of the Merit Systems Protection Board may obtain judicial review in either the Court of Claims or a United States Court of Appeals. Pub.L.No.95–454, § 7703, 92 Stat. 1111, 1143–44, 5 U.S.C.A. § 7703 (Supp.1979). The Act became effective January 11, 1979, however, and a savings clause provides that "[n]o provision of this Act shall affect any administrative proceedings pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted." Id. at § 902(b), 92 Stat. at 1224, 5 U.S.C.A. § 1101 note (Supp.1979). Prior to the Civil Service Reform Act, review could not proceed in a court of appeals, but had to be brought in a district court or in the Court of Claims. 5 U.S.C. § 702 (1976) (providing right of review); 28 U.S.C. § 1346 (1976) (granting jurisdiction in district courts, concurrent with Court of Claims); id. § 1491. Ellis' administrative action was in process, and the final order issued, before the effective date of the Act, but his petition to this Court was filed after the provision for direct review in a court of appeals was in effect. Thus, if the savings clause applies to the date judicial review is initiated, this Court has jurisdiction; if, however, the savings clause reaches administrative proceedings pending or completed when the Act became effective, we do not have jurisdiction over Ellis' petition. The Board has construed the clause to mean the latter:

> No provision of the Civil Service Reform Act shall be applied by the Board in such a way as to affect any administrative

proceeding pending at the effective date of such provision. "Pending"· is considered to encompass existing agency proceedings, and appeals before the Board or its predecessor agencies, that were subject to judicial review or under judicial review on January 11, 1979, the date on which the Act became effective. An agency proceeding is considered to exist once the employee has received notice of the proposed action.

44 Fed.Reg. 38349, 38360–61 (June 29, 1979) 5 C.F.R. § 1201.191(b)(1979).

We join with other courts of appeals that have considered the issue in deferring to this reasonable interpretation of the statute by the agency charged with its enforcement. *See Motley v. Secretary of the United States Department of the Army*, 608 F.2d 122 (5th Cir. 1979) (per curiam); *Kyle v. Interstate Commerce Commission*, 197 U.S.App.D.C. 285, 609 F.2d 540 (D.C. Cir. 1979) (per curiam); *In re Christian*, 606 F.2d 822 (8th Cir. 1979) (per curiam); *Underhill v. Merit Systems Protection Board*, No. 79–7372 (9th Cir. Dec. 5, 1979).

Accordingly, the motion to dismiss the petition for review will be granted.