**Lee D. GLENN (79–3351), Peter O. Samples (79–3530), John A. Wright (79–3543), Vernon E. Whitehead (79–3579), Michael L. Novack (79–3612), Werner G. Steinagel (79–3615), Petitioners,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

Nos. 79–3351, 79–3530, 79–3543, 79–3579, 79–3612 and 79–3615.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 14, 1979.

Decided March 5, 1980.

John T. Lavey, John L. Burnett, Little Rock, Ark., for petitioner Glenn.

Evangeline Swift, Gen. Counsel, Merit Systems Protection Bd., William Kanter, Joseph B. Scott, Appellate Staff, Civil Div., Dept. of Justice, Washington, D. C., for respondent in all cases.

Barbara Babcock, Asst. Atty. Gen., Marleigh Dover Lang, U. S. Dept. of Justice, App. Section—Civil Div., Washington, D. C., for respondent in No. 79–3351.

Peter O. Samples, Williamstown, Ky., pro se.

Merit Systems Protection Board, Atlanta Region, Atlanta, Ga., General Services Administration, Atlanta, Ga., Wendy M. Keats, Civil Division, Appellate Staff, U. S. Dept. of Justice, Washington, D.C., for respondent in No. 79–3530.

Harold L. Williams, The Legal Aid Society of Cleveland, Law Reform Office, Cleveland, Ohio, for petitioner Wright.

Thomas H. Oehmke, Mark A. Richardson, Detroit, Mich., for petitioner Whitehead.

Merit Systems Protection Board, Chicago, Ill., Jerome Brennan, Agency Representative, U. S. Army Tank Automotive Material Readiness Command, Warren, Mich., for respondent in No. 79–3579.

Duncan Ragsdale, James F. Schaeffer & Associates, Memphis, Tenn., for Novack.

William Kanter, Civil Division, Appellate Staff, U. S. Dept. of Justice, Washington, D. C., for respondent in No. 79–3612.

David L. Hall, Slicer, Hall & Slicer, Dayton, Ohio, for petitioner Steinagel.

United States Marshals Service, Washington, D. C., for respondent in No. 79–3615.

Before MERRITT, KENNEDY and JONES, Circuit Judges.

PER CURIAM.

The petitioners seek review of adverse personnel actions by the Merit Systems Protection Board (the "Board"). We dismiss for lack of jurisdiction because Section 902 (the "Savings Clause") of the Civil Service Reform Act of 1978 (the "Act"), Pub.L.No. 95–454, 92 Stat. 1111, precludes direct review by this court.

The Act which became effective on January 11, 1979, provides for direct review of final orders of the Board in the Court of Claims or a *United States Court of Appeals,* 5 U.S.C.A. Section 7703(b)(1) (Supp.1979). Prior to the adoption of the Act, the Court of Claims *or the United States District Court* reviewed the final orders of the predecessor agency to the Board.[1]

The Savings Clause, which governs the Board's processing of cases instituted before the effective date of the Act, provides:

No provision of this Act shall affect any administrative proceedings pending at any time such provision takes effect. Orders shall be issued in such proceedings and *appeals shall be taken therefrom* as if this Act had not been enacted. (emphasis added).

The Board promulgated regulations construing the savings clause:

No provision of the Civil Service Reform Act shall be applied by the Board in such a way as to affect any administrative proceeding pending at the effective date of such provision. "Pending" is considered to encompass existing agency proceedings, and appeals before the Board or its predecessor agencies, *that were subject to judicial review* or under judicial review on January 11, 1979, the date on which the Act became effective. An agency proceeding is considered to exist once the employee has received notice of the proposed action.

44 Fed.Reg. 38349, 38360–61 (1979) to be codified in 5 C.F.R. Section 1201.191(b). (emphasis added).

The proposed personnel action against each of the petitioners was initiated before the effective date of the Act, but the Board's final adverse order was issued after such date. Under the Board's interpretation of the Savings Clause, the federal district courts retain jurisdiction to review final orders of the Board where the administrative proceedings were still pending as of the effective date of the Act.

Petitioners argue that the Savings Clause should be construed to provide that only administrative appeals are governed by the former statute. The Savings Clause is not so restrictive. The term "appeals" does include judicial review. We decline petitioners' invitation to add limiting words to the statute. The Savings Clause is not ambiguous. Its clear effect is to preclude review in this court of cases pending in the agency before January 11, 1979.

The Board's regulation lends support for our interpretation of the Savings Clause. The regulation has been held valid. *Kyles v. ICC,* 197 U.S.App.D.C. 285, 609 F.2d 540 (D.C.Cir.1979); *In re Christian,* 606 F.2d 823 (8th Cir. 1979); *Gaskins v. United States Postal Service,* No. 5–79 (Ct.Cl., October 23, 1979).

Our interpretation of the Savings Clause accords with its purpose of ensuring that all personnel actions commenced before the effective date of the Act are decided under prior law.

Accordingly, the cases are dismissed.[2]

---

1. 28 U.S.C. Sections 1346, 1491 (1976).

2. Petitioner Novack, Case No. 79–3612, conceded in his response to the motion to dismiss that this Court lacks jurisdiction to review his case.

He moved for an order of remand to the district court. The motion is denied, because petitioner can file a petition for review in the district court.