**Eulice L. PHILLIPS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 79–2276.**

United States Court of Appeals, Tenth Circuit.

April 3, 1980.

**218**

William Kanter, Civil Division, Dept. of Justice, Washington, D. C. (Harley E. Dilcher, Mill Valley, Cal., and Carl J. Busch, Concord, Cal., Dept. of the Navy, Military Sealift Command, Pac., Oakland, Cal., with him on brief), for respondent.

Before SETH, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). This cause is therefore ordered submitted without oral argument.

Respondent Merit Systems Protection Board seeks dismissal of the petition for review for lack of jurisdiction.

In 1973, petitioner Phillips received a notice of personnel action which removed him from the position of Ordinary Seaman in the Merchant Marines. Following appropriate appeal procedures to the Civil Service Commission, Phillips further appealed to the Board of Appeals and Review. Petitioner's removal was affirmed by decision issued by the Board of Appeals and Review on February 11, 1974. Thereafter, petitioner filed suit in the United States District Court for the Western District of Oklahoma.

The trial court remanded the case to the Merit Systems Protection Board for a new hearing at which time certain witnesses, who had been unavailable at the initial agency hearing in 1973, were to be made available to testify. On August 6, 1979, a hearing was held before the Board, who on November 6, 1979, affirmed the initial agency action. From that decision Phillips has filed a petition for review in this court.

Under the Civil Service Reform Act of 1978, the Civil Service Commission was reorganized into the Merit Systems Protection Board (Board) and the Office of Personnel Management (OPM). Pub.L. 95–454, Reorganization Plan No. 2 of 1978, 5 U.S.C. § 1101 note (Supp.1979). On January 11, 1979, the effective date of the Act, the central features of Reorganization Plan No. 2 were codified, with the adjudicative functions of the Commission to be administered by the independent Board and the management functions of the Commission to become the province of OMP. *See* Pub.L. 95–454.

**219**

Under 5 U.S.C. § 7703(b)(1), a petition to review a final order or decision of the Board shall be filed in the Court of Claims or a United States court of appeals within thirty days of the date petitioner receives notice of the final order or decision of the Board. Prior to the Act, however, review could not proceed initially in a court of appeals, but had to be brought in a district court or in the Court of Claims. 5 U.S.C. § 702 (1976); 28 U.S.C. §§ 1346; 1491 (1976).

The Civil Service Reform Act contains a savings clause which makes the Act inapplicable to cases instituted before its effective date:

No provision of this Act shall affect any administrative proceedings pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom *as if this Act had not been enacted* (emphasis supplied).

Pub.L. 95–454, § 902(b); 5 U.S.C. § 1101 note (Supp.1979).

In addition, the Board has promulgated regulations construing the savings clause:

No provision of the Civil Service Reform Act shall be applied by the Board in such a way as to affect any administrative proceeding pending at the effective date of such provision. "Pending" is considered to encompass existing agency proceedings, and appeals before the Board or its predecessor agencies, that were subject to judicial review or under judicial review on January 11, 1979, the date on which the Act became effective. *An agency proceeding is considered to exist once the employee has received notice of the proposed action* (emphasis supplied).

5 C.F.R. § 1201.191(b) (1979).

In this case, Phillips received notice of the proposed personnel action before, but had his case finally decided adversely by the Board after the Act became effective. Thus the *proceeding* was still pending when the Act became effective and must be reviewed under prior law, which does not permit review in this court.

We concur with other courts of appeal that have considered this issue and concluded that judicial review lies either in the appropriate district court or in the Court of Claims. 5 U.S.C. § 702. *Motley v. Secretary of the United States Department of the Army,* 608 F.2d 122 (5th Cir. 1979); *Kyle v. Interstate Commerce Commission,* 609 F.2d 540 (D.C.Cir. 1979); *In re Christian,* 606 F.2d 822 (8th Cir. 1979); *Ellis v. Merit Systems Protection Board,* 613 F.2d 49 (3rd Cir. 1980); *Alberio v. Office of Appeals Review, Merit Systems Protection Board,* No. 79–1577 (1st Cir. filed February 4, 1980); *see also Gaskins v. United States Postal Service and Merit Systems Protection Board,* No. 5–79 (Ct.Cl. filed October 23, 1979); *Yacovone v. Bailer,* 470 F.Supp. 777 (D.D.C.1979).

The motion to dismiss the petition is granted. In view of our disposition of this case, respondent's motion to defer filing of the agency record is denied as moot.