Conchita F. RUSTRATA, Plaintiff,

v.

## UNITED STATES MERIT SYSTEMS PROTECTION BOARD,* Defendant.

Civ. A. No. 82–1320.

United States District Court,
District of Columbia.

Oct. 15, 1982.

Conchita F. Rustrata, pro se.

Mitchell R. Berger, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiff, who has conducted this matter *pro se* from her home in the Philippines, has made what may fairly be construed as a claim that she is due a widow's survivorship annuity from the government as a result of the death of her husband, Paulo Rustrata, while he was employed by the United States Navy. Plaintiff first made her claim in February 1959, (R 46–51),[1] and has pursued it diligently since 1976.[2] After twice

---

* The *pro se* complaint in this action is a letter from plaintiff that refers to a decision by the Merit Systems Protection Board. The agency directly responsible is apparently the Office of Personnel Management, which administers the civil service retirement laws. *See* 5 U.S.C. §§ 8347(a) & (b).

1. References to "R #" refer to pages of the administrative record filed by the government with its Motion for Judgment Affirming the Administrative Decision.

2. Defendant has raised no statute of limitations defense to this action, and has rendered a number of decisions on the merits of plaintiff's claim. Application of the doctrines of waiver, estoppel, and equitable tolling may now bar such a defense. *Cf. Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Given defendant's failure to raise

denying plaintiff's claim on the ground that there was no record that her husband had ever been employed by the government (R 42, 44), the Civil Service Commission discovered in 1977 that Paulo Rustrata had in fact been employed by the Navy in some capacity in the Philippines during World War II, and that benefits had been paid to his estate under the Missing Persons Act, Pub.L. No. 490, 56 Stat. 143 (March 7, 1942) (currently codified at 5 U.S.C. §§ 5561–68 (1976)), for the period between December 29, 1941 and January 13, 1945. The latter date is evidently the date of Mr. Rustrata's death or presumed death. *See* R 31.

■ In her letters to the Commission, plaintiff had made references to the "new law" and the fact that her husband "died before February 29, 1948" (R 41, 43). She also wrote that her husband had been in government employ for six years and that, under the law, "a minimum of 5 years Federal service is necessary" to qualify for an annuity (R 36). These statements indicate that plaintiff has confused the provisions of two separate laws that confer annuities on the widows of government employees. One such law, Pub.L. 85–465, § 2, 72 Stat. 218 (June 25, 1958) (currently found at 5 U.S.C. § 8339 (note) (1976)), provides that:

> The unremarried widow or widower of an employee [of the government]—(1) who had completed at least *ten* years of service creditable for civil service retirement purposes, (2) who died before February 29, 1948, and (3) who was at the time of his death (A) subject to an Act [permitting civil service annuity benefits], shall be entitled to receive an annuity. [Emphasis supplied.]

Plaintiff has never contended that her husband had more than eight years of government service, *see* R 8. She thus does not qualify under Pub.L. 85–465 for an annuity. The other statute discussed in the papers would require only five years of government employment to qualify for a widow's annuity. Pub.L. 80–426, 62 Stat. 48, 55, § 11 (Feb. 28, 1948), 5 U.S.C. § 724 (1952) (repealed; *but cf.* 5 U.S.C. §§ 8333, 8341 (1976)). That Act, however, applied only to employees that died "subsequent to the date of enactment" of the Act, i.e. *after* February 28, 1948. Finding correctly that plaintiff did not qualify for an annuity under either statute, the Civil Service Commission denied plaintiff's claim in 1978 (R 24, 27, 29).

Plaintiff noted her appeal of the Commission's denial (R 18, 19, 25), and pursuant to the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (Oct. 13, 1978), *see* 5 U.S.C. § 8347(d) (1980 Supp.), the Merit Systems Protection Board (MSPB) assumed jurisdiction over it (R 14, 17). The MSPB denied plaintiff's claim on the merits in February 1982 (R 2–4).[3] Plaintiff then submitted her *pro se* letter of April 1, 1982, seeking review in this Court.

■ As defendant notes in its motion here, "unless [plaintiff] is eligible for a survivorship annuity under some other statute, plaintiff's claim properly was denied" and the matter should be closed by a simple affirmance upon the administrative record. The record now before the Court, however, fails to support a conclusion that no other statute applies;[4] indeed, the MSPB appears not to have considered any but the two

---

the issue, the Court will rule on the substance of the matter before it, without prejudice to statute of limitations and other defenses that defendant may wish to examine upon remand.

3. The MSPB never raised an issue of an untimely claim or appeal with plaintiff, but instead decided her case on the merits. That fact should be considered when the MSPB reconsiders plaintiff's claim upon remand.

4. Original judicial review of decisions of the MSPB is now the responsibility of the Courts of Appeals, 5 U.S.C. § 7703(b)(1) (1980 Supp.), who must determine whether final MSPB decisions are supported by substantial evidence. *Id.,* § 7703(c)(3). Matters pending before the Civil Service Commission prior to enactment of the Civil Service Reform Act of 1978, however, must be reviewed by an appropriate District Court, *see Kyle v. ICC,* 197 D.C.App. 285, 609 F.2d 540, 543 (1979), and the prior standard of review is to be applied. That standard was also one of substantial evidence. *See e.g. Pascal v. United States,* 211 Ct.Cl. 183, 543 F.2d 1284 (1976); *Dabney v. Freeman,* 123 U.S.App. D.C. 166, 358 F.2d 533 (1965).

statutes referred to above. For the reasons that follow, the MSPB's decision to deny plaintiff's claim will be reversed and the matter remanded to the MSPB for further consideration of whether there is "some other statute" which requires defendant to honor her claim.

Although the MSPB correctly found that plaintiff would not qualify for a widow's annuity under Pub.L. Nos. 85–465 and 80–426, it appears that the Board failed to consider an entirely separate and, for all that appears in the record, reasonable, ground for plaintiff's claim: that plaintiff's husband died from an injury received in the performance of his duties for the Navy. Since 1959 plaintiff has claimed a widow's annuity. Such an annuity may be available to her under 5 U.S.C. § 8133 (1976), or its predecessor 5 U.S.C. §§ 751–803a (1952, 1958). This law provides a survivorship annuity to a widow or widower whose government employee spouse dies as a result of "an injury sustained in the performance of duty," without regard to the spouse's length of employment.

Plaintiff's correspondence with defendant may be fairly construed as a claim that he sustained an injury in the performance of his duty as an employee of the Navy within the meaning of this statute. Although plaintiff never cited 5 U.S.C. § 8133, and it is probably unknown to her, her letter to defendant of March 3, 1977, stated, among other things, that her husband "was killed by the Japanese soldiers" (R 41).

Plaintiff has not explained whether her husband was a civilian or military employee of the Navy (if that is relevant) nor has she more specifically explained how her husband died, but defendant (who should have

better records) has proffered no evidence at all on these questions.[5] Defendant concedes, however, and its records demonstrate, that Paulo Rustrata or his estate was "Paid under the Missing persons act [sic] 12/29/41–1/13/45 (death)." R 31. The Missing Persons Act of 1942 provided benefits for "[a]ny person who is in active service and is officially reported as missing, missing in action, interned in a neutral country, or captured by an enemy." 56 Stat. at 144. For plaintiff's husband to have been paid under this statute, he presumably must have fallen into one of these categories. The fact that the date that missing person benefits were terminated corresponds with the date of his death or presumed death lends further credence to a claim that he was killed in action in World War II. Such a death might well qualify plaintiff for an annuity under 5 U.S.C. § 8133.

This Court is of course unfamiliar with the circumstances of plaintiff's husband's demise, as well as with the intricacies of the various annuity plans available to the widows of government employees.[6] The record now before the Court, however, does not support the conclusion that plaintiff has no claim to an annuity, but only the conclusion that the two statutes cited by the government do not support such a claim. On the other hand, the record such as it is might well support a claim by plaintiff under 5 U.S.C. § 8133. The Court therefore cannot affirm on the government's unopposed motion, but rather must remand plaintiff's case to the MSPB for further consideration and development of a record sufficient to support whatever conclusion the MSPB reaches.

---

5. Plaintiff thus raised the issue of whether her husband had died as a result of the performance of his duties for the Navy. The complete failure of defendant to address this suggestion, advanced by an inarticulate *pro se* plaintiff, distinguishes this case from the Supreme Court's decision in *U.S. Industries/Federal Sheet Metal, Inc. v. Director,* —— U.S. ——, 102 S.Ct. 1312, 71 L.Ed.2d 495 (1982), in which the Court of Appeals, *sua sponte,* had ruled on a claim not even suggested by a plaintiff who was represented by counsel.

6. For example, it is possible that plaintiff's claim, as filed in 1959, would have been barred due to its late filing. *See* 5 U.S.C. § 770 (1958). Moreover, the MSPB may lack jurisdiction to consider such a claim. *See* 5 U.S.C. § 785 (1958); *cf.* 5 U.S.C. § 8121, 8128 (1980 Supp.). The inadequacy of the record before the Court, however, makes these determinations difficult if not impossible to make at this time, and they are left for consideration and amplification by the Board upon remand.

A final word may be helpful to both parties. The Court is well aware of the complexity of the various statutes and regulations involved in any government benefits claim, as well as of the pressures placed upon administrative agencies to dispose of their cases in an expeditious manner. An agency cannot be expected to untangle statutory webs and construct claims for would-be claimants. On the other hand, it is just as unreasonable to expect beneficiaries, who are often poor, uneducated, and less familiar with the law than the agencies, expertly to pursue their claims *pro se.* This difficulty is compounded in a case like this one in which the claimant resides some distance from the agency. In this jurisdiction, we are fortunate to have a lawyer referral service sponsored by the District of Columbia Bar Association, which may be able to refer *pro se* claimants to counsel that can competently pursue their interests, making the resolution of claims easier for both the claimants and the agencies involved. Accordingly, the Clerk of Court will be ordered to furnish a copy of this Memorandum and Order to the Lawyer Referral Information Service (LRIS) of the District of Columbia Bar Association[7] with a request that LRIS communicate with plaintiff, advise her of any legal services that may be available to her, and assist her, consistently with its normal practice, in engaging counsel who can provide service on terms consistent with her means. In addition, defendant should thoroughly investigate plaintiff's case upon remand.

An Order accompanies this Memorandum.

### ORDER

Plaintiff has, by per *pro se* letter, challenged defendant's denial of her claim to a widow's survivorship annuity. Defendant has filed a Motion for Judgment Affirming the Administrative Decision on the record, and plaintiff has not responded. For the reasons stated in the accompanying Memorandum, it is this 15th day of October, 1982, hereby

**7.** Ms. Alice L. Bodley, Director, Lawyer Referral & Information Service, 1426 H Street, N.W.,

ORDERED: that defendant's motion is DENIED; and it is further

ORDERED: that this matter is remanded to the Merit Systems Protection Board for further consideration and further development of the record; and it is further

ORDERED: that the Clerk of Court shall send a copy of this Order and accompanying Memorandum to Ms. Alice L. Bodley, Director, Lawyer Referral & Information Service of the D.C. Bar, Eighth Floor, 1426 H Street, N.W., Washington, D.C. 20005, together with a request that LRIS communicate with plaintiff and advise her of any local legal services that may be available to her, and assist her in engaging local counsel who can provide legal services for plaintiff in connection with this matter on terms consistent with her means.

Eighth Floor, Washington, D.C. 20005, (202) 638–1509.