**James Fred DUVALL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 186–80C.

United States Claims Court.

March 4, 1983.

James Fred Duvall, pro se.

Lynn Bush Ferguson, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, for defendant; Myrna S. Silen,

Small Business Admin., Washington, D.C., of counsel.

## ORDER

NETTESHEIM, Judge.

Pursuant to the status report filed by plaintiff on February 14, 1983, as supplemented by his addendum filed on February 25, 1983, and defendant's status report filed on March 1, 1983, the parties reported that the issue of damages, remanded by the Court of Claims on April 4, 1981, will be the subject of a stipulation of settlement, to be filed in the near future.

The only outstanding matter identified by the parties is plaintiff's September 8, 1981 application for attorneys' fees and costs, pursuant to 5 U.S.C. §§ 5596(b), 7701(g)(1), *amended by* the Civil Service Reform Act of 1978, Pub.L. No. 95–454, §§ 702, 205, 92 Stat. 1111, 1216, 1139 (1978).

■ It is unnecessary to treat the merits of plaintiff's application because under the Act's savings clause, § 902, 92 Stat. 1124, 5 U.S.C. 1101 note (Supp. III 1979); 5 C.F.R. § 1201.191(b) (1980), the statutes under which he makes application are not applicable to adverse actions in proceedings instituted prior to January 11, 1979. *Nibali v. United States,* 225 Ct.Cl. 8, 634 F.2d 494 (1980); *Glenn v. Merit Systems Protection Board,* 616 F.2d 270 (6th Cir.1980) (per curiam); *Kyle v. Interstate Commerce Commission,* 609 F.2d 540, 542 (D.C.Cir.1979); *Payne v. Panama Canal Co.,* 607 F.2d 155, 164 (5th Cir.1979); *see In re: Christian,* 606 F.2d 822 (8th Cir.1979) (per curiam). In this case the notice of adverse action was received on September 6, 1978.

■ However, in his February 25, 1983 addendum, plaintiff also states that the fee application was submitted under the Equal Access to Justice Act, Pub.L. No. 96–481, 94 Stat. 2325, 28 U.S.C. § 2412 (Supp. IV 1980). Pursuant to section 2412(d)(1)(B), the court cannot entertain such an application unless it is filed within 30 days of entry of final judgment. To support any such application, the itemized statement from plaintiff's prior attorney, which is on file,

must be resubmitted, and plaintiff must also allege that the position of the United States before this court was not substantially justified.

Based on the foregoing, plaintiff's application for attorneys' fees and costs of September 8, 1981, is hereby denied; insofar as plaintiff seeks attorneys' fees and costs under the Equal Access to Justice Act, his application is denied without prejudice to renewal within the appropriate period after entry of final judgment.

IT IS SO ORDERED.