BENJAMIN FRANKLIN AMERICAN
LEGION POST #66, et al.,
Appellants,

v.

UNITED STATES POSTAL SERVICE.

No. 82–2049.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 29, 1983.

Decided June 20, 1983.

Irving Kator, Joseph B. Scott and Joyce
L. Evans, Washington, D.C., for appellants.

Joseph E. diGenova, U.S. Atty., Royce C.
Lamberth, R. Craig Lawrence, Charles F.
Flynn and Michael J. Ryan, Asst. U.S. Attys., and Edward F. Ward, Jr., Atty., U.S.
Postal Service, Washington, D.C., for appellee.

Before TAMM and WILKEY, Circuit
Judges, and McNICHOLS *, Senior District
Judge for the District of Idaho.

## MEMORANDUM

### Background

In September 1975 the United States
Postal Service instituted a reorganization
of its headquarters departments pursuant
to the Postal Reorganization Act of 1970,
Pub.L. No. 91–375, 84 Stat. 719, 39 U.S.C.
§ 101 *et seq.* (1976). As a result of that
reorganization, some positions in the previous hierarchy were abolished and numerous employees were temporarily placed in
"excess positions" pending permanent reassignment. Employees who were placed in
lower-graded jobs were permitted to maintain their previous pay grade. Appellants
are employees and former veterans who
were assigned to temporary excess positions. The Benjamin Franklin Legion Post
No. 66 represents members who are similarly situated to the named appellants.

Appellants petitioned the Federal Employees Appeals Authority (FEAA) for relief from the Postal Service reorganization.
Only one of the seven named appellants

* Sitting by designation pursuant to Title 28 U.S.C.   § 294(d).

was successful before the FEAA; two unsuccessful appellants appealed their adverse decisions to the Appeals Review Board (ARB) of the Civil Service Commission (CSC). On December 29, 1978, the ARB ruled that the Postal Service implemented a reduction-in-force without complying with required procedures and remanded the case to a FEAA field office to supplement the record and to determine appropriate relief. Before the field office completed its work, the Postal Service petitioned the Merit Systems Protection Board (MSPB), successor to the CSC, for reconsideration of the ARB order.

On May 26, 1978, appellants brought an action in the United States District Court for the District of Columbia for injunctive, declaratory, and monetary relief, alleging that the Postal Service had violated their procedural and substantive rights during its reorganization. Before the MSPB ruled on the Postal Service's petition for reconsideration, the district court remanded the case before it to the Postal Service for reconsideration of its action with respect to each named appellant and others so situated. The Postal Service reaffirmed its actions, and the district court held appellants' suit in abeyance pending resolution of the Postal Service's action before the MSPB.

On November 9, 1981, the MSPB affirmed the finding of the ARB that the reorganization plan of the Postal Service constituted a reduction-in-force. *Tiedeman v. U.S.P.S.*, No. RB152B7900066, Opinion and Order at 4–5, (MSPB Nov. 9, 1981), Joint Appendix (J.A.) at 29–30. The MSPB, however, sustained the personnel actions taken by the Postal Service, because it found that appellants had suffered no prejudice to their assignment rights as a result of the Postal Service's plan. *Id.* at 5–6. The district court then reopened the civil

action before it and on July 13, 1982, granted the Postal Service's motion to dismiss. *Benjamin Franklin American Legion Post No. 66 v. U.S.P.S.*, No. 78–964, mem. op. at 6 (D.D.C. July 13, 1982), J.A. at 24. Five of the seven original named plaintiffs filed this appeal from the decision of the district court pursuant to 28 U.S.C. § 1291 (1976).

### Analysis

This case comes before this court on review of the district court's decision to dismiss appellants' action for injunctive and other relief.[1] Underlying that decision, however, is the decision of the MSPB to deny appellants relief, a decision that the district court explicitly affirmed when it granted the Postal Service's motion to dismiss. Therefore, to review the district court's decision we must examine three key interpretations made by the MSPB: (1) since assignment rights made available by reduction-in-force procedures apply only to employees who suffer a loss in representative pay following a reassignment, an employee who suffers no loss in his rate of pay has received the most the agency could have been forced to give him; (2) the MSPB need not consider loss in rank, stature, or other ancillary employment considerations in determining whether an employee's assignment rights have been satisfied; and (3) veterans' preference rights are not available to an employee who is retained at the same rate of pay following reassignment. *See Doe v. Hampton*, 566 F.2d 265, 272 (D.C.Cir.1977) (review of agency action limited to administrative record); *Polcover v. Secretary of Treasury*, 477 F.2d 1223, 1225 (D.C.Cir.) (same), *cert. denied*, 414 U.S. 1001, 94 S.Ct. 356, 38 L.Ed.2d 237 (1973).

Appellants contend that the Postal Service conducted a reorganization of its head-

---

**1.** It should be pointed out what the appellants are seeking through judicial review. Application of reduction-in-force procedures and veterans' preference rights could assist them in obtaining better positions within the Postal Service. The process by which RIF procedures work is quite complex. An outline of their operation is found in *Horne v. MSPB*, 684 F.2d

155, 156 n. 2 (D.C.Cir.1982). Briefly, reduction-in-force procedures would rank displaced employees; veterans' preference rights, if applicable, would increase appellants' rankings. Employees ranked higher would have a better chance to select their preferred positions during reassignment.

quarters offices without following the required reduction-in-force procedures and that the MSPB and the district court erred in upholding the Postal Service's actions because they misinterpreted the relevant reduction-in-force regulations. Specifically, appellants argue that the term "representative rate" of an employee, which triggers application of reduction-in-force procedures, refers not to an employee's rate of pay, but to the rate of pay for the employee's assigned position. Although appellants retained the same rate of pay after temporary reassignment, they were assigned to grades having lower representative rates of pay. Further, appellants argue that they were adversely affected by loss of potential career advancement and other job-related benefits associated with selecting preferred positions. Consequently, appellants contend reduction-in-force procedures had to be followed and veterans' preferences granted. Controlling authority cited by appellants is *Horne v. MSPB*, 684 F.2d 155 (D.C.Cir.1982).

The government's position is straightforward: the MSPB correctly determined that reduction-in-force procedures need not be applied because the regulations did not require that such procedures be followed if the employee was retained at the same "representative rate." The government contends that the MSPB interpretation that assignment rights are satisfied if an employee suffers no loss in pay should be given deference, since the MSPB is the agency that enforces the statute. *Horne* is distinguished on the ground that in *Horne* the MSPB ruled that reduction-in-force procedures should have been followed. In contrast, in this case all the MSPB said was that this reorganization was in fact a reduction-in-force, but that reduction-in-force procedures need not be followed.

In affirming the action of the MSPB, the district court addressed two issues. First,

it held that deference was due the MSPB interpretation of the term "representative rate," and since the agency's view that, for purposes of satisfying an employee's assignment rights, the term refers to an employee's rate of pay rather than the position's rate of pay was reasonable, it affirmed that interpretation. *Benjamin Franklin American Legion Post No. 66 v. U.S.P.S.*, No. 78–964, mem. op. at 5 (D.D.C. July 13, 1982), J.A. at 23. Accordingly, the district court upheld the MSPB's determination that appellants suffered no prejudice to their rights for failing to process their reassignment pursuant to reduction-in-force regulations. *Id.* at 6, J.A. at 24. With respect to the question of veterans' preference rights, the court noted that veterans' rights are not limitless and are available only in specific situations. The district court interpreted the MSPB's action to mean that so long as an agency preserves an employee's rate of pay during reduction-in-force, veterans' preference rights are not brought into play. *Id.*, J.A. at 24.

We agree with the MSPB that the Postal Service reorganization constituted a reduction-in-force and that the Postal Service should have processed appellants' reassignments pursuant to reduction-in-force procedures. We disagree with appellants that this failure of the Postal Service necessitates a remand to that agency. While appellants correctly point out that reduction-in-force procedures involve more than just assignment rights,[2] Brief for Appellants at 11–14, the major flaw in appellants' argument is that the additional procedures come into play only if the agency has not otherwise satisfied an employee's assignment rights. The issue whether employees' assignment rights have been satisfied depends on the proper interpretation of the reduction-in-force regulations that governed the Postal Service's reorganization.[3]

---

**2.** For example, competitive lists and competitive areas must be drawn up in anticipation of employees' exercising their assignment rights.

**3.** The reorganization was governed by the regulations of the former Civil Service Commission, under the savings provision of the Civil Service

Reform Act of 1978 § 902, Pub.L. No. 95–454, 92 Stat. 1111, 1223–24, 5 U.S.C. § 1101 note (Supp. III 1979); *see Kyle v. I.C.C.*, 609 F.2d 540, 542 (D.C.Cir.1979).

Title five of the then-governing regulations provided that an employee's right to assignment may be satisfied by administrative assignment to a vacant position having a representative rate equal to that to which he had previously. Fed. Personnel Manual. ch. 351, pt. 2–2(c)(2) (1972). The regulations further stated that in such circumstances the "reassignment can be made regardless of whether the employee is in reach on the retention register." *Id.* It is uncontested that appellants continued to receive their same rate of pay following reassignment, which the MSPB interpreted to satisfy their assignment rights. If this interpretation is given deference, as it should,[4] then the district court's ruling with respect to assignment rights was correct. We add the regulations made no reference to ancillary employment considerations in prescribing the means by which employees' assignment rights could be satisfied. *See id.* at pts. 2–2, 2–5(7).

The case cited by appellants as controlling, *Horne v. MSPB*, 684 F.2d 155 (D.C. Cir.1982), issued after the district court's decision. But because of a different factual setting and agency rationale, *Horne* does not control this case. In *Horne* the court ruled that justification of an agency action on grounds of no prejudice was improper, since the agency was still required to follow proper procedures. The key distinction between this case and *Horne* is that the employees in *Horne* suffered a decrease in rate of pay, giving rise to assignment rights that were never properly satisfied. In this case, however, because the employees did not suffer a reduction in rates of pay, their assignment rights were satisfied.

The resolution of the veterans' preference rights question follows from the above analysis. Veterans' preference rights give employees who are veterans special treatment, placing them higher on competitive lists. This permits them to exercise their assignment rights sooner than non-veterans and, hence, allows veterans to select better jobs during a reduction-in-force. But the veterans' preferences do not come into play if an employee's assignment rights are otherwise satisfied, since there would be no need to grant the employee his veterans' preference prior to reassignment. The district court was correct in stating that veterans' benefits are limited. *See Crowley v. United States*, 527 F.2d 1176, 1182 (Ct.Cl.1975). Consequently, its ruling in this respect should be affirmed.

Our conclusion that a remand is not necessary in this case is reinforced by the failure of appellants to present any evidence whatsoever that even if reduction-in-force procedures had been followed, they would have been placed in positions offering better chances for promotion or other job-related benefits. In fact, all appellants request is that the case be remanded and that the reduction-in-force procedures be applied to determine how appellants would fare as compared to their current positions. This proposal for a post hoc evaluation of job opportunities, however, ignores the fact that appellants have received substantial justice. In light of the complexities of a total revamping of Postal Service management, it is hard to see how every formality of reduction-in-force procedures could have been followed consonant with the purposes of the statutorily mandated reorganization of the Postal Service, *see* 39 U.S.C. § 101, 403–04 (1976); H.R.Rep. No. 1104, 91st Cong., 2d Sess. 2 (1970), U.S.Code Cong. & Admin.News 1970, p. 3649. Moreover, other employees would certainly suffer if the reorganization were undone,[5] a result that cannot be justified given appellants' remote

---

**4.** *See Miller v. Youakim*, 440 U.S. 125, 144–45 n. 25, 99 S.Ct. 957, 968–69 n. 25, 59 L.Ed.2d 194 (1979) (quoting *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1801, 1802, 23 L.Ed.2d 371 (1969)); *Board of Governors v. First Lincolnwood Corp.*, 439 U.S. 234, 251, 99 S.Ct. 505, 514, 515, 58 L.Ed.2d 484 (1978); *Ellis v. MSPB*, 613 F.2d 49, 51 (3d Cir.1980).

**5.** For example, the Postal Service maintained an affirmative action program for its female employees that could have been adversely affected by separating management employees into veteran and non-veteran groups. *See Valentino v. USPS*, 674 F.2d 56, 72 n. 28 (D.C.Cir.1982).

and speculative harm. *See* 28 U.S.C. § 2106 (1976). Consequently, we affirm the district court's order dismissing appellants' complaint.

*It is so ordered.*