851 F.2d 1500
 271 U.S.App.D.C. 273
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et
al., Appellants,
v.
Constance J. HORNER, Office of Personnel Management, et al.
 No. 85-6035.
 United States Court of Appeals, District of Columbia Circuit.
 April 29, 1988.
 
 Before WALD, Chief Judge, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from an order of the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the district court be vacated to the extent that it dismisses appellants' claims for injunctive relief and that the case be remanded to the district court for further proceedings consistent with the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellants, the American Federation of Government Employees and nine individuals employed as planners and estimators with the United States Air Force, claim that they receive salary and benefits inferior to Army and Navy personnel, who perform substantially identical tasks but who are classified outside the General Schedule System. Relying on Barnhart v. Devine, 771 F.2d 1515 (D.C.Cir.1985), the district court dismissed this "equal pay for equal work" suit on jurisdictional grounds. The district court held that appellants must first bring their claims to the Merit Systems Protection Board before seeking judicial relief.
 
 
 5
 The basis for the decision in Barnhart was the Civil Service Reform Act of 1978 ("CSRA"), Pub.L. No. 95-457, 92 Stat. 111 (codified in scattered sections of Title 5, United States Code), which went into effect on January 11, 1979. The CSRA changed the prerequisites for and timing of judicial review in suits involving challenges to federal job classifications.
 
 
 6
 We conclude, however, that the CSRA does not apply to appellants' case. Appellants' administrative complaint was pending before the CSRA went into effect. The "savings provision" of the CSRA provides:
 
 
 7
 No provision of this Act shall affect any administrative proceeding pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if the Act had not been enacted.
 
 
 8
 5 U.S.C. Sec. 1101 note (1982) (emphasis added). The Merit Systems Protection Board has issued a regulation interpreting the savings provision, which states:
 
 
 9
 No provision of the Civil Service Reform Act shall be applied by the Board in such a way as to affect any administrative proceeding pending at the effective date of such provision. 'Pending' is considered to encompass existing proceedings and appeals before the Board or its predecessor agencies, that were subject to judicial review or under judicial review on January 11, 1979....
 
 
 10
 5 C.F.R. Sec. 1201.191(b) (1987).
 
 
 11
 This court's interpretation of the savings provision leads us to conclude that this action should proceed under pre-CSRA procedures. In Kyle v. ICC, 609 F.2d 540 (D.C.Cir.1980), an unlawful discharge case, the employees' complaints were pending at the agency when the CSRA went into effect. If the CSRA had applied, jurisdiction would lay in the court of appeals on petition for review; if it did not apply, jurisdiction was in the district court. Relying on the MSPB's interpretation of the savings clause embodied in its regulation, the Kyle court dismissed the petitions for review, holding "[i]f prior law is to govern the administrative stage of a proceeding, it should govern judicial review as well." Kyle, 609 F.2d at 542.
 
 
 12
 In a long line of decisions since Kyle, this court has consistently held that the express language of the savings provision and the Board's interpretation thereof essentially recreate pre-CSRA law for proceedings within their coverage. See, e.g., Meadows v. Palmer, 775 F.2d 1193, 1197 (D.C.Cir.1985) ("The CSRA contains a savings clause which makes both the substance and procedure of that Act inapplicable to proceedings instituted before its effective date."); accord Benjamin Franklin Am. Legion Post No. 66 v. United States Postal Serv., 732 F.2d 945, 947 n. 3 (D.C.Cir.1983) (savings clause mandates application of pre-CSRA Civil Service Commission regulations to Postal Service reorganization); Crowley v. Shultz, 704 F.2d 1269, 1272-75 (D.C.Cir.1983) (applying savings clause to availability of attorneys' fees under CSRA); Walker v. Washington, 627 F.2d 541, 544 n. 4 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980) (applying savings clause to jurisdictional issue).
 
 
 13
 Appellees concede that the savings provision applies to this case, but ask the court to affirm the district court by invoking the doctrine of primary jurisdiction. Because the savings clause so clearly mandates that the Merit Systems Protection Board not have jurisdiction of claims covered by that provision, and since the district court has addressed claims for injunctive relief in a similar pre-CSRA action, see Haneke v. Secretary of Health, Educ. & Welfare, 535 F.2d 1291 (D.C.Cir.1976), we decline to invoke the doctrine of primary jurisdiction.
 
 
 14
 In light of United States v. Testan, 424 U.S. 392 (1976), appellants have abandoned their appeal of the dismissal of their monetary claim.