**Hugh O'NEILL and Herbert S. Yarus, Petitioners,**

v.

**DISTRICT OF COLUMBIA OFFICE OF HUMAN RIGHTS, Respondent.**

**No. 7408.**

District of Columbia Court of Appeals.

Argued Feb. 27, 1974.

Decided April 13, 1976.

Hugh O'Neill pro se.

Earl A. Gershenow, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Washington D. C., at the time the brief was filed, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before KELLY, KERN and NEBEKER, Associate Judges.

KERN, Associate Judge:

Petitioners O'Neill and Yarus were two of some 1,400 persons employed by the Department of General Services of the District of Columbia (DGS) at the time this controversy commenced in 1971. They occupied the positions of Engineering Technicians in the work order branch of the Bureau of Repairs and Improvements classified as a GS–12 and a GS–11, respectively. Neither of their positions, however, is in the competitive service.[1] *See* Respondent's Supplemental Statement.[2]

Petitioners alleged they were the victims of racial prejudice on the job and engaged in a series of conferences with various officials in their department. Dissatisfied by the results, they thereafter invoked the procedures set forth in Commissioner's Order 71–26 issued February 2, 1971,[3] and charged formally that the Department had, because of their race, (1) denied them promotions and opportunity therefor, (2) downgrade their existing positions and (3) subjected them in their jobs to unjustified criticism and harassment.

■ Order 71–26 promulgates the regulations which govern complaints of discrimination made by District government employees against their agency or department employers.[4] In essence it provides first for informal counseling of an aggrieved employee within the department or agency by the so-called EEO Counsellor in that particular organization. *See* Order 71–26, § 6. If the employee's claim of discrimination cannot be resolved by this intra-agency counseling, as it was *not* in the instant case, the next step is the filing of a formal complaint with the District of Columbia Human Relations Commission (HRC), *see* Order 71–26, § 7, whose Executive Director is designated Director of Equal Employment Opportunity for the District of Columbia and who is denominated the Director, EEO. *See* Order 71–26, § 4.[5] Each formal complaint must be investigated by the HRC staff which investigation,. among other things, "shall include a thorough review of the circumstances under which the alleged discrimination occurred." *See* Order 71–26, § 8.

At this point in a government employee discrimination proceeding, Order 71–26 vests broad discretion in the Director; specifically, he is empowered by § 9 thereof upon review of the file either (a) to make adjustment of the complaint or (b) "when warranted by the facts and circumstances . . . [to] make a summary determination upon the merits . . . based solely upon information in the complaint file." In the event the Director does neither, then, and only then, the complainant "shall be notified in writing of the proposed dis-

---

1. The "competitive service" consists, among others, of all civil service positions in the executive branch (with certain exceptions) and "positions in the government of the District of Columbia which are specifically included in the competitive service by statute." 5 U.S.C. § 2102 (1972).

2. Respondent filed a supplemental statement after argument in response to a show cause order by this court.

3. This order was subsequently amended in ways not material to our decision here by Commissioner's Order 71–224 (July 8, 1971).

4. The District of Columbia Council has enacted Rules and Regulations, cited as the Human Rights Law, which are aimed at securing "an end, in the District of Columbia,

to discrimination for any reason," 34 DCRR § 1.1; but this law expressly provides that: "Notwithstanding any other provision of this Title, the Mayor-Commissioner shall establish rules of procedure for the investigation, conciliation and hearing of complaints filed against District Government agencies. . . . " 34 DCRR § 29.3. Thus, we conclude Order 71–26 governs exclusively discrimination claims by District Government employees.

5. Commissioner's Order 71–224, issued since this proceeding commenced, renamed the Human Relations Commission the Office of Human Rights and the Executive Director at the Commission became the Director of the Office.

position . . . and shall be advised of *his right to a formal hearing*" [emphasis added] before an "independent appeals examiner" who, after the hearing, is required to make a report and recommendations for review by the Director. *See* Order 71–26, § 9(c).

The Director in the instant case concluded upon examining the information obtained as a result of the HRC staff investigation that there was no evidence to support petitioners' allegations of racial discrimination on the part of DGS and made a summary determination upon the merits, *viz.,* to close their case "with a finding of no probable cause." Petitioners appealed to the Mayor-Commissioner who on May 10, 1973, affirmed the Director's order. They have now filed with this court a petition for review asking us to set aside the summary determination of the Director and "compel" him to grant them "a formal hearing on their complaint."

■ It is well established that this court is enabled to review directly *only* agency decisions or orders entered in "contested cases," *Dupont Circle Citizen's Ass'n v. District of Columbia Zoning Comm'n,* D. C.App., 343 A.2d 296, 298–99 (1975) (en banc). That term has been defined in Section 3(8) of the District of Columbia Administrative Procedure Act (DCAPA), D. C.Code 1973, §§ 1–1501 *et seq.,* and elaborated upon by this court in *Chevy Chase Citizens Ass'n v. District of Columbia Council,* D.C.App., 327 A.2d 310, 314 (1974) (en banc).

The parties to this case disagree as to whether a government employee discrimination proceeding under Commissioner's Order 71–26 constitutes a "contested case" as defined by the DCAPA and *Chevy Chase Citizens.* Thus, petitioners contend that the proceeding is essentially adjudicative, pointing to the facts that the Director may determine an employee's rights and, after a trial-type hearing, order relief granted. In response, the Corporation Counsel asserts on behalf of respondent that the Director, aided by the HRC staff, is primarily engaged in *investigating* complaints and points to the fact that he may in his discretion omit a hearing "when warranted by the facts and circumstances." Therefore, argues respondent, a government employee discrimination proceeding is not a "contested case" as that term has been defined.

■ We agree with the Corporation Counsel's contention that this proceeding is not a contested case and accordingly that this court lacks jurisdiction to entertain the petition for review, but for reasons different than those urged upon us at argument and in brief and supplemental memorandum.

We start with the proposition that Congress in the DCAPA has expressly excluded from the definition of "contested case," and hence our direct review jurisdiction, "any matter subject to a subsequent trial of the law and the facts de novo in any court." D.C.Code 1973, § 1–1502(8). We note that Congress has recently conferred upon a District government employee who claims discrimination on the part of his department or agency employer the right to bring a civil action in the federal district court, after pursuing his administrative remedies through the appropriate local and federal commissions. Congress accomplished this result by broadening the term "employer" contained in Title VII of the Civil Rights Act of 1964, Pub.L. No. 88–352, 78 Stat. 253, *codified at* 42 U.S.C. § 2000e (1970) *et seq.,*[6] it enacted the Equal

---

6. Specifically, § 2000e defines the term "employer" subject to the Act's coverage: § 2000e–2 defines unlawful employment practice, *viz.,* "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race;" and § 2000e–5(b), (c) and (f)(1) provide for an employee aggrieved by any unlawful employment practice to bring a "civil action" against his employer in a federal district court after seeking relief from the appropriate state or local agency and the Equal Employment Opportunity Commission.

Employment Opportunity Act of 1972, Pub.L. No. 92–261, 86 Stat. 103, to include state and local governments *and* District of Columbia departments or agencies. S.Rep. No. 415, 92d Cong., 1st Sess. 35 (1971); H.R.Rep. No. 899, 92d Cong., 2d Sess. 15 (1972).

Next, we note that the Supreme Court has expressly recognized that the "civil action" of an employee claiming discrimination on the part of an employer under the 1964 Civil Rights Act constituted a de novo trial of the facts and law, regardless of the outcome of any prior administrative proceeding. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 799, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We are constrained therefore to conclude that the "civil action" a District government employee is now entitled to initiate, by reason of the 1972 amendment of the 1964 Act, is a trial de novo on the law and facts in the federal district court.[7]

Accordingly, under the definition of "contested case" contained in the DCAPA, we have no alternative but to dismiss the petition for review for lack of jurisdiction to entertain it.

So ordered.·

---

7. ·Congress made it clear when enacting the 1972 amendment that any District government employee holding a position in "the competitive service", *see* footnote 1, *supra,* was to be deemed a federal employee within the coverage of that Act. 118 Cong.Rec. 7166, 7563–64 (1972). In *Hackley v. Roudebush,* 171 U.S.App.D.C. 376, 520 F.2d 108 (1975), the federal Circuit Court here held that Section 11 of the 1972 Act granting *federal* employees the right to bring a civil action in federal district court after administratively pursuing claims of discrimination on the part of the federal government employer entitled these employees to a trial de novo on the facts and law.