Millis P. PATTON, Plaintiff,

v.

Cecil B. ANDRUS, Defendant.

Civ. A. No. 77–1730.

United States District Court,
District of Columbia.

Feb. 28, 1978.

Nathan Dodell, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Lawrence J. Speiser, Washington, D. C., for defendant.

## OPINION AND ORDER

JUNE L. GREEN, District Judge.

This action is for an award of attorney's fees, costs and expenses incurred in connection with the successful prosecution of a sex discrimination charge at the administrative level. The parties have filed cross-motions for summary judgment which raise, as the primary issue, the question of whether administrative agencies have the discretion to award fees to plaintiffs who succeed before them in discrimination suits brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

District Court Judge Oliver Gasch of this Circuit, in the case of *Smith v. Califano,* 446 F.Supp. 530 (decided Jan. 28, 1978; amended opinion and order filed Jan. 31, 1978) carefully analyzed the legislative and judicial materials in this area and concluded that administrative agencies possessed the discretion in question.

This Court endorses the ruling of the *Smith* case to the extent that it found that federal administrative agencies possess discretion to award fees, costs and expenses. However, this Court will not go further and determine whether the Department of the Interior, the agency involved here, should exercise its discretion. This Court is not in a position to familiarize itself in a firsthand way with the novelty and difficulty of the questions which confronted the attorneys and the agency in this case, the skill which was required to prevail, time limitations imposed by the client or the circumstances, and the other factors which guide decisions to award fees and costs in Title VII cases. *Evans v. Sheraton Park Hotel,* 164 U.S.App. D.C. 86, 96, 503 F.2d 177, 187 (1974).

This Court is not ruling that it lacks the authority to take into its own hands the matter of fees to be awarded for work at the administrative level. The United States Court of Appeals for this Circuit has indicated that the district courts have this option. *Parker v. Califano,* 182 U.S.App. D.C. 322, 331 n.24, 561 F.2d 320, 329, n.24 (1977). This Court, however, thinks it wiser, whenever justice to the parties does not preclude it, to leave the initial resolution of fee requests to the tribunal which has a chance to entertain the case and observe the quality of advocacy involved. In this case, given the uncertainty surrounding the extent of administrative authority, the Interior Department's reluctance to award fees was not unreasonable. Thanks to the *Smith* case, the agency's path is now clearer, and the Court has no reason to believe that it will not exercise its discretionary powers in a responsible manner.

Accordingly, the Court grants plaintiff's motion for summary judgment insofar as the issue of agency power to award fees is concerned. Defendant's motion for summary judgment is therefore denied. This case is remanded to the Department of the Inte-

rior so that it may consider whether to award fees, costs and expenses to the plaintiff, and if so, how much.

IT IS SO ORDERED this 28th day of February 1978.