**Charles PORTER, Plaintiff,**

v.

**DISTRICT OF COLUMBIA and Department of General Services, Defendants.**

**Civ. A. No. 80–2123.**

United States District Court, District of Columbia.

Nov. 5, 1980.

---

**3.** The Court assumes that plaintiff can, in good faith, amend her complaint to so allege.

Patricia J. Barry, Washington, D. C., for plaintiff.

Gary S. Freeman, Asst. Corp. Counsel, Washington, D. C., for defendants.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Plaintiff brings this action for attorney's fees, costs, and "statutory" damages of $400.00 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1976 ed.), and administrative regulations under the District of Columbia Human Rights Law, D.C.Code Ann. § 6–2201 *et seq.*, (Supp. V 1978). He contends that such law and regulations entitle him to such an award for the successful prosecution of his race discrimination claim in District of Columbia administrative proceedings. For the reasons stated below, we grant plaintiff's motion for summary judgment on the issues of attorney's fees and costs, and grant the District of Columbia's cross–motion for summary judgment, denying the award of "statutory" damages.

### FACTS

Plaintiff, who is black, was an employee of the District of Columbia Department of General Services. In January, 1977, he filed a race discrimination complaint, contending that a less–qualified white employee had been promoted to a GS–12 position for which they both had competed. The complaint was processed under an administrative review mechanism set up under the D. C. Human Rights Law. D.C.Code Ann. § 6–2283 (Supp. V 1978). Although the D. C. Office of Human Rights found probable cause for the complaint, conciliation proceedings failed. Consequently, a three–day public hearing was held on his complaint in July, 1978. On November 16, 1979, sixteen months later, the Director of the Office of Human Rights ruled in plaintiff's favor, ordering his retroactive promotion and backpay. The award was silent on the issue of attorney's fees, costs and $400 in statutory damages sought by plaintiff under a D. C. regulation, so on November 30, 1979, he appealed to the City Administrator to modify the award to include such relief. On August 1, 1980, the Administrator issued a two sentence denial of the claim. Two weeks later, the Department of Justice issued a right–to–sue letter, and this action under Title VII followed shortly thereafter.

*Attorney's Fees and Costs in Administrative Proceedings*

██ This case requires the court to decide two legal issues, one of federal law and one of District of Columbia law. The federal issue is this: does Title VII authorize this court to award costs and attorney's fees for legal work done in administrative proceedings conducted by the D. C. Office of Human Rights to resolve discrimination claims made by employees of the District of Columbia government?

Congress amended Title VII in 1972 to extend its coverage to employment discrimination by government agencies, including those of the D. C. government. Section 717 was added to cover federal employees, including those working in "units of the Government of the District of Columbia having positions in the competitive service." 42 U.S.C. § 2000e–16(a) (1976 ed.). Section 701(a) was amended to include non–federal "governments, governmental agencies [and] political subdivisions" among those "persons" covered by Title VII's strictures against discrimination. Thus whether plaintiff is considered a "state" employee or a "federal" employee for the purposes of the statute, it is clear that he is within the coverage of Title VII.

Regardless of the plaintiff's status as a "state" or "federal" employee of the District, he must first resort to, if not exhaust, his administrative remedies. Federal employees, including those whose positions in the D. C. Government are covered by the federal civil service, must first press their claims through the Office of Personnel Management before they are permitted to file suit under Title VII. Civil Rights Act of 1964, § 717(c), 42 U.S.C. § 2000e–16(c) (1976 ed.). Not until the employee's department or the Office of Personnel Management takes final action, or until 180 days have elapsed from the time of initial filing, can the aggrieved employee file suit in federal district court. *Id.* Largely as a result of this limited exhaustion requirement, this court and the Court of Appeals have ruled that attorney's fees and costs may be awarded for participation in these administrative proceedings. *Parker v. Califano,* 561 F.2d 320 (D.C.Cir.1977); *Patton v. Andrus,* 459 F.Supp. 1189 (D.D.C.1978); *Noble v. Claytor,* 448 F.Supp. 1242 (D.D.C.1978); *Smith v. Califano,* 446 F.Supp. 530 (D.D.C. 1978).

The statute also requires that "state" employees, like employees of private firms, resort first to available state administrative remedies. § 701(a), 706(c), 42 U.S.C. §§ 2000e, 2000e–5(c) (1976 ed.). Congress intended that state and private employees take their discrimination claims first to appropriate state agencies so that these agencies would have "a limited opportunity to resolve problems of employment discrimination and thereby to make unnecessary, resort to federal relief by victims of discrimination." *Carey v. New York Gaslight Club, Inc.,* 447 U.S. 54, 100 S.Ct. 2024, 2031, 64 L.Ed.2d 723 (1980), *quoting Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). The Court stated in *Carey* that a plaintiff who pursued his administrative remedies and succeeded at that level could nonetheless file a civil suit in federal court "solely to obtain an award of attorneys' fees for legal work done in state and local proceedings." *Id.* at 66, 100 S.Ct. at 2032. Otherwise, the purpose of having such an exhaustion requirement–to encourage the rapid vindication of such claims by existing state procedures–would be undercut. *Id.* at 63–65, 100 S.Ct. at 2031.

For a District employee not covered by civil service, such as the plaintiff here, the exclusive route to bring a discrimination claim is through the D. C. Office of Human Rights. *O'Neill v. District of Columbia Office of Human Rights,* 355 A.2d 805, 807 (D.C.App.1976). Moreover, plaintiff's only remedy after resorting to this procedure is an appeal to the City Administrator, and after he receives his right–to–sue letter from the Department of Justice, to bring a Title VII suit in this court. *Id.* Plaintiff has followed this procedure.

Plaintiff relies on *Carey v. New York Gaslight Club, Inc., supra,* to argue that he may file suit solely to recover attorney's

fees and costs under Title VII, regardless of the type of administrative proceeding below, and regardless of whether suit was filed before or after the conclusion of the administrative proceedings.

We agree for four reasons. First, Congress intended Title VII's procedures and remedies to "mesh nicely, logically, and coherently with state and city legislation" designed to combat discrimination. *Id.*, 447 U.S. at 63, 100 S.Ct. at 2031. Congress obviously understood that a variety of state and local procedures would have to be harmonized with Title VII's procedures; it did not intend to dictate to the state and city governments what type of procedure they should use, if any. Thus it is unlikely that Congress intended the award of attorney's fees to turn on the particular type of administrative proceeding chosen by the state in its anti–discrimination legislation. The District's argument to the contrary fails.

The second reason we agree with plaintiff is that adoption of the District's position–that § 706(c) permits attorney's fees only where a litigant filed suit before the successful resolution of the complaint in administrative proceedings–would undercut the whole purpose and importance of an exhaustion requirement, *i. e.*, the settlement of discrimination complaints on the administrative level. Litigants would be encouraged both to forego the administrative pursuit of legitimate claims, and to come to federal court at the first possible opportunity under § 706(c). *Carey v. New York Gaslight Club, Inc., supra*, at 64, 100 S.Ct. at 2031. Congress intended neither result.

A third reason supports plaintiff's position. Undercutting the limited exhaustion requirement of the statute would be especially undesirable where, as here, a "state" employee presses a discrimination claim against the "state" government. As a practical matter, state officials responsible for the administrative resolution of such complaints are likely to be far more familiar with the factual context in which such claims arise than federal judges will be. Moreover, considerations of federalism support the idea that state officials should be given the opportunity to make a good faith effort to vindicate the constitutional rights of state employees, as happened here. If the District's argument against attorney's fees were adopted, it would undermine these purposes of the exhaustion requirement by penalizing those employees who pressed their claims through the District's extremely leisurely administrative process without resorting to this court at their first opportunity.[1] If attorney's fees for legal representation at the administrative level are not to be paid or reimbursed, a plaintiff would have no incentive to pursue an administrative disposition.

Finally, we disagree with the District's position here because it would be anomalous to permit D. C. Government employees covered by civil service to recover attorney's fees for legal work done in administrative proceedings, *see, e. g., Smith v. Califano, supra*, but to forbid other D. C. employees to recover attorney's fees for legal work successfully done before the D. C. Office of Human Rights. In both cases, the employee *must* first present his claim to the appropriate administrative body before he can present his claim to this court. There is simply no basis to argue that D. C. employees not covered by the civil service laws should be barred from recovering such attorney's fees and costs, when their counterparts in the civil service, in private industry, and most likely, in state governments, would be permitted to recover such fees.

The District argues that its Office of Human Rights is not authorized to award attorney's fees and costs, but that, even if such is authorized, denial of fees lies within its discretion. In addition, the District argues, plaintiff incurred no costs since the Office of Human Rights investigated the complaint and the Department of General Services paid for the transcript.

1. Plaintiff, had he chosen to do so, could have filed suit in late 1977, three years before the District finally denied his claim for attorney's fees, and more than two years before the Office of Human Rights ruled favorably on his discrimination claim.

These arguments are irrelevant to the matter of this court's authority to grant attorney's fees. Whether or not the Office of Human Rights is empowered to award costs and fees,[2] it is settled that Title VII authorizes this court to do so. Civil Rights Act of 1964, § 706(k), 42 U.S.C. § 2000e–5(k) (1976 ed.). The Supreme Court has ruled that "absent special circumstances," federal district courts should grant attorney's fees to the prevailing plaintiff in a Title VII action. *Carey v. New York Gaslight Club, Inc., supra*, 447 U.S. at 54, 100 S.Ct. at 2032; *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 416–17, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978). In the absence of such special circumstances, it would be an abuse of discretion to deny the award of fees and costs. *See id.*

The District has shown no special circumstances warranting denial of fees and costs here. Its argument that plaintiff incurred no costs is an evidentiary matter to be resolved when plaintiff submits his verified petition for reimbursement.

*Statutory Damages*

■ Plaintiff asserts a pendent claim for $400 in "statutory" damages said to be owing him under the guidelines of the D. C. Human Rights Commission. He argues that these guidelines require the Office of Human Rights, a separate body, to award him this sum of damages upon a showing that he was the victim of discrimination. We disagree.

The Office of Human Rights is the exclusive route for non–civil service employees of the District Government to press claims of employment discrimination. *O'Neill v. Office of Human Rights, supra*; D. C. Human Rights Law, § 303, D.C.Code Ann. § 6–2283 (Supp. V 1978). On this issue, where such damages are not explicitly authorized in the Human Rights Law, the guidelines of the Human Rights Commission cannot be said to require the Office of Human Rights to provide such a damages remedy. (We do

not need to reach the issue of whether the Human Rights Law requires the Office of Human Rights to provide costs and attorney's fees). To rule otherwise would be to grant the Human Rights Commission authority over D. C. employees' discrimination claims that the City Council has vested exclusively in the Mayor and the Office of Human Rights. *Id.* Thus plaintiff's claim for damages is denied.

*Conclusion*

For the foregoing reasons, we grant plaintiff's motion for summary judgment on the issues of costs and attorney's fees, and grant the District's cross–motion for summary judgment on the issue of statutory damages.

---

2. Legal issues aside, it would be far cheaper for the District to award attorney's fees at the administrative level, since the costs and fees incurred in bringing this action are reimbursa-

ble under Title VII, and since the Corporation Counsel's time could be better spent than in defending fee cases of this kind.