**James BEALS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**James H. BEALS, Plaintiff–Appellant,**

v.

**Harold BROWN, Secretary of Defense et al., Defendants–Appellees.**

Nos. 79–1627, 79–2205.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 5, 1980.*

Decided Nov. 14, 1980.

James H. Beals, John Malvik, Rock Island, Ill., for petitioner.

William Kanter, Dept. of Justice, Washington, D. C., Gerald D. Fines, U. S. Atty., Springfield, Ill., Terry G. Harn, Asst. U. S. Atty., Peoria, Ill., for respondent.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979); Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Before CUMMINGS, WOOD and CUDAHY, Circuit Judges.

PER CURIAM.

Petitioner–appellant, James Beals, appeals from the district court's order of May 21, 1979, denying him leave to file his pro se petition for review of his 1975 discharge from federal employment. Consolidated with his appeal from that order is a second petition for review of his discharge filed with this court on June 8, 1979. Both parties agree that Beals' right to review of his discharge from federal employment lies properly in the district court and that that court erred in denying leave to file his petition. We also agree and accordingly grant the relief asked for.

I

The procedural problem presented in this case is the result of substantial changes in the procedure for judicial review of federal personnel cases brought about by the Civil Service Reform Act of 1978, Pub.L.No. 95–454 (Oct. 13, 1978). The Act, as did the prior law, provides for judicial review of final orders or decisions of the Merit Systems Protection Board, formerly the Civil Service Commission's Federal Employees Appeals Authority, adversely affecting employees or applicants for federal employment. However, unlike prior law, the Act provides that "a petition to review a final order or final decision of the Board shall be filed in the Court of Claims or a United States Court of Appeals...." 5 U.S.C. § 7703(b)(1). Prior to this revision, petitions for review of adverse personnel action were to be filed in the Court of Claims or a United States District Court. 28 U.S.C. §§ 1346, 1491 (1976). The question presented here is which law applies?

In denying Beals leave to file his petition for review with that court on May 21, 1979, the district court held that the Civil Service Reform Act of 1978 applied, requiring re-view to be initiated in the Court of Claims or the Court of Appeals. It concluded that it was therefore without jurisdiction. Beals then filed his petition with this court, and the Merit Systems Protection Board promptly moved to dismiss.[1] In an order issued August 9, 1979, Judge Swygert, acting for the court, concluded that "this court does not have jurisdiction to hear this appeal because the case falls within the coverage of the Savings Clause of the Civil Service Reform Act of 1978, 5 U.S.C. § 902(b), and therefore, judicial review must be initiated in the Court of Claims or in the appropriate United States District Court." However, to preserve Beals' right to review, Judge Swygert declined to dismiss the petition and instead ordered it held in abeyance and remanded to the district court "for the limited purpose of, (1) ruling on motion to vacate its May 21, 1979, order; and (2) if necessary, ruling on a motion for a finding of excusable neglect to permit petitioner to file a notice [of] appeal from the May 21, 1979, order."

On remand, the district court denied the motion to vacate its prior order, but found petitioner's failure to file an earlier appeal to be due to excusable neglect, thereby allowing the present appeal. Now, having both matters before us, we reverse the district court's order denying Beals leave to file his petition for review with that court and dismiss the petition thereafter filed with this court.

II

In enacting the Civil Service Reform Act of 1978, Congress was not unaware of the possible difficulties that could arise in determining the proper judicial review procedure to be used in cases pending at the time the Act became effective. It therefore included a Savings Clause within the Act to govern the processing of cases instituted prior to its effective date:

---

1. It should be noted that in seeking dismissal of Beals' petition from this court, the Board was unaware that he had unsuccessfully sought review in the district court. The district court apparently acted on its own initiative under 28 U.S.C. § 1915 in denying Beals leave to file his petition for review.

No provision of this Act shall affect any administrative proceedings pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted.

§ 902(b) of Civil Service Reform Act of 1978 (92 Stat. 1224).

The district court found this language inapplicable to the instant case, however, apparently because in its view no administrative proceedings were pending as to Beals' case on January 11, 1979, when the Act took effect. In denying the motion to vacate its prior order, the district court noted that the Civil Service Commission had issued its decision on June 14, 1976, and Beals had not tendered his petition to the court until May 4, 1979. Presumably the court concluded that because the administrative decision had been rendered before the effective date of the Act and judicial review had not been sought until after the effective date, no proceedings were pending within the meaning of the Savings Clause on the effective date itself. This conclusion is in error.

Pursuant to its authority under section 1205(g) of the Act, 5 U.S.C. § 1205(g), the Merit Systems Protection Board has promulgated regulations interpreting the Savings Clause here at issue. In pertinent part, the regulations provide:

> No provision of the Civil Service Reform Act shall be applied by the Board in such a way as to affect any administrative proceeding pending at the effective date of such provision. 'Pending' is considered to encompass existing agency proceedings, and appeals before the Board or its predecessor agencies, that were subject to judicial review or under judicial review on January 11, 1979, the date on which the Act became effective....

5 C.F.R. § 1201.191(b) (1979).

Because, under prior law,[2] Beals had six years in which to petition for judicial review of the Commission's decision, his case was clearly "subject to judicial review," and hence, under the Board's interpretation, "pending" at the time the Act became effective.

Of course, courts are not totally bound by interpretations given statutes by administrative agencies. But it is well–established that great deference is to be accorded the interpretation given a statute by the officers or agencies charged with its administration. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). And as the Supreme Court recently emphasized in *Miller v. Youakim*, 440 U.S. 125, 99 S.Ct. 957, 59 L.Ed.2d 194 (1979), courts "are bound by 'the principle that the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong.'" *Id.* at 145 n.25, 99 S.Ct. at 969 n.25 quoting *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969).

We see no indication that the Board is mistaken in its interpretation of the Savings Clause. On the contrary, the interpretation adopted by the Board is consistent with both the language and the purpose of the clause. *See Kyle v. ICC*, 609 F.2d 540 (D.C.Cir.1979). We therefore conclude that Beals' case was pending at the time the Act became effective and for this reason review of the administrative decision is controlled by prior law. Accordingly, the judgment of the district court in No. 79–2205 is reversed, and the Petition for Review in No. 79–1627 is dismissed.

---

2. 28 U.S.C. §§ 2401, 2501 (1976).