**Marilyn SKINNER, Plaintiff,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant.**

**No. 81–0624–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

Nov. 12, 1982.

Irving Achtenberg, Achtenberg, Achtenberg & Belzer, P.C., Kansas City, Mo., for plaintiff.

Calvin Washington, Susan Rees, E.E.O.C., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

This case pends on cross motions for summary judgment. In a conference with the Court on Wednesday, September 15, 1982, the parties agreed to stipulate the material facts and agreed that the issue of liability should be separated under Rule 42(b), Fed. R.Civ.P. and determined by the filing of cross motions for summary judgment under Rule 56, Fed.R.Civ.P. After examining the record, the stipulation and suggestions of the parties, we find and conclude that plaintiff's motion for partial summary judgment should be denied and defendant's motion for partial summary judgment should be granted.

### I.

Plaintiff filed this action on July 24, 1981, seeking attorney fees for legal work rendered her in administrative proceedings before the Equal Employment Opportunity Commission (EEOC), the Civil Service Commission (CSC), and the CSC's successor, the Merit Systems Protection Board (MSPB). In 1976, plaintiff, a female employee of the EEOC, initiated two EEO complaints alleging that the EEOC discriminated against her in promotion because of her sex. Subsequently, on March 9, 1977, the EEOC served plaintiff a "90-day" warning letter

apprising plaintiff of performance deficiencies and affording plaintiff an opportunity to improve. This was required by 5 U.S.C. § 4304 as then in effect. On August 12, 1977 plaintiff was given an unsatisfactory rating for the period ending June 12, 1977 but was not notified of this rating until December 6, 1977.

After an unsuccessful appeal to the EEOC Performance Rating Panel in which plaintiff raised numerous substantive and procedural errors, and a refusal by the chair of the EEOC to hear plaintiff's appeal, plaintiff, on July 7, 1978 appealed to the Performance Rating Review Board of the Civil Service Commission. On December 5, 1978, the EEOC withdrew plaintiff's unsatisfactory rating, mooting her appeal to the CSC.

On November 30, 1978, while the 90-day action was on appeal, the EEOC instituted a 30-day letter proceeding, proposing to remove plaintiff at the end of 30 days "in the interest of promoting the efficiency of the Federal Service." This action was taken pursuant to 5 U.S.C. § 7501, as then in effect. On January 24, 1979, EEOC issued its final decision, removing plaintiff from employment.

After the institution of both the 90-day proceeding and the 30-day proceeding, plaintiff filed an EEO complaint alleging that the actions were based on sex discrimination and in reprisal for her filing two prior EEO complaints of discrimination in promotion. Thus, plaintiff had two interrelated EEO complaints pending, one alleging discrimination in the 90-day termination proceedings and the other alleging discrimination in the subsequent 30-day termination proceedings.

On February 9, 1979 plaintiff appealed her removal to the MSPB. In her appeal, she elected to pursue her EEO discrimination complaints of reprisal before the MSPB along with the appeal. A hearing was held on August 9–10, 1979, and on September 13, 1979, the MSPB issued its decision. The MSPB found that the removal actions were procedurally defective and were unreasonable, arbitrary, and capricious and ordered

reinstatement with back pay. The MSPB, rather than reaching the merits of plaintiff's discrimination claim, referred that claim to the EEOC for consideration and review.

On March 25, 1982, the EEOC, having completed its administrative investigation of plaintiff's EEO complaints, issued a proposed disposition of no discrimination. On July 15, 1982 the EEOC issued its final determination adopting the proposed disposition. Plaintiff did not participate in these EEOC proceedings, nor did she pursue an administrative appeal of the decision, nor did she file a civil action in the District Court from the adverse EEOC decision, her position being that the issue was moot except for attorney fees. The time for any and all appeals has expired.

## II.

This Court is without authority to award attorney fees against the United States absent specific statutory authority. 28 U.S.C. § 2412; *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 265–68, 95 S.Ct. 1612, 1626–1627, 44 L.Ed.2d 141 (1975). Plaintiff must therefore cite and rely on a specific statute which expressly authorizes this Court to do so. This Court may not properly award fees based on policy considerations in a particular case and must guard against implying authority where none exists. District courts are "not free to fashion drastic new rules with respect to the allowance of attorneys' fees ... depending upon the courts' assessment of the importance of the public policies involved in particular cases." 421 U.S. at 269, 95 S.Ct. at 1627. Against this backdrop, we examine plaintiff's arguments.

Plaintiff bases her claim that she is entitled to attorney fees on two separate grounds: (1) under the provisions of the Civil Service Reform Act of 1978, 5 U.S.C. § 7701(g); and (2) under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), as the prevailing party in a proceeding under that Title. For the reasons stated below, we find that plaintiff is not entitled to attorney fees under either theory.

## A. CIVIL SERVICE REFORM ACT

■ While it is true that the CSRA provides for the award of attorney fees to the prevailing parties in the type of administrative proceedings involved in the present case, 5 U.S.C. § 7701(g), plaintiff cannot take advantage of that section because her proceedings were instituted prior to the effective date of the Act. The CSRA contains a savings provision, Section 902 of Public Law 95–454, 5 U.S.C. § 1101 note (Supp.1979) which states as follows:

(a) Except as otherwise provided in this Act, . . . all executive orders, rules, and regulations affecting the Federal service shall continue in effect, according to their terms, until modified, terminated, superseded or repealed by the President, the Office of Personnel Management, the Merit Systems Protection Board, the Equal Employment Opportunity Commission, or the Federal Labor Relations Authority with respect to matters within their respective jurisdictions.

(b) *No provision of this Act . . . shall affect any administrative proceedings pending at the time such provision takes effect.* Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted.

(c) No suit, action, or other proceeding lawfully commenced by or against the Director of the Office of Personnel Management or the members of the Merit Systems Protection Board, or officers or employees thereof, in their official capacity or in relation to the discharge of their official duties, as in effect immediately before the effective date of this Act . . . shall abate by reason of the enactment of this Act . . . . Determinations with respect to any such suit, action, or other proceeding shall be made as if this Act had not been enacted. (emphasis added)

Furthermore, in rules promulgated under the CSRA, the Board has interpreted the savings provision as follows:

(b) *Administrative proceedings and appeals therefrom.*

No provision of the Civil Service Reform Act shall be applied by the Board in such a way as to affect any administrative proceeding pending at the effective date of such provision. "Pending" is considered to encompass existing agency proceedings, and appeals before the Board or its predecessor agencies, that were subject to judicial review or under judicial review on January 11, 1979, the date on which the Act became effective. An agency proceeding is considered to exist once the employee has received notice of the proposed action. [5 C.F.R. § 1201.-191(b) (1982) ]

Although agency interpretations are not binding on the courts, they "do constitute a body of experience and informed judgment to which courts and litigants may properly resort to for guidance." *Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944). Thus, we may look to the Board's interpretation for guidance.

After examining the savings provision, the rule, and the cases interpreting the provision, we are convinced that Congress intended that *no provision* of the CSRA was to have any effect until January 11, 1979, the effective date of the Act, and this includes the attorney fees provisions set out in 5 U.S.C. § 7701(g). Any proceeding pending on or before January 11, 1979 must be decided under the old law. Since attorney fees are not available under the old law,[1] plaintiff may not recover under this theory.

Plaintiff has not cited any cases holding to the contrary and we have found none. Courts that have construed the savings provision have interpreted it consistent with our holding today. These cases include *Beals v. Merit Systems Protection Board,* 636 F.2d 169 (7th Cir.1980); *Phillips v. Merit Systems Protection Board,* 620 F.2d 217 (10th Cir.1980); *Glenn v. Merit Systems Protection Board,* 616 F.2d 270 (6th Cir. 1980); and *Kyle v. I.C.C.,* 609 F.2d 540 (D.C.Cir.1979). In the one case concerning the applicability of the CSRA attorney fee

---

1. 5 U.S.C. §§ 7501–7701 (1976).

provision to a proceeding pending on January 11, 1979, the Court of Claims held that the savings provision prevented the award of attorney fees. *Nibali v. United States,* 634 F.2d 494 (Ct.Cl.1980).

■ Thus, in the present case, we conclude that the unambiguous language of the savings provision requires a conclusion that the provisions of the CSRA are not applicable here. Plaintiff received notice of the proposed action before January 11, 1979, and her action was therefore pending before the effective date of the Act. It is irrelevant that the final agency decision removing plaintiff and the subsequent appeal to the MSPB occurred after the effective date, the controlling date is the date plaintiff received notice of the proposed action.[2] Since plaintiff received notice prior to the effective date, the provisions of the CSRA do not apply.

## B. TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff also claims she is entitled to attorney fees under 42 U.S.C. § 2000e–5(k), Title VII of the Civil Rights Act of 1964, which, by amendment, was made applicable to suits under Title VII against the federal government. The attorney fees provision states:

> (k) In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Thus, we must determine: (1) whether this is an "action or proceeding" under Title VII; and (2) whether plaintiff is a "prevailing party."

■ It is apparent that the discrimination claimed by plaintiff is prohibited by 42 U.S.C. § 2000e–16. The question then becomes whether a plaintiff who has pursued the claim only administratively and has not filed a Title VII action in federal court can recover attorney fees; in other words, whether this is an "action or proceeding" under Title VII.

In a Title VII case concerning the availability of attorney fees for work done at the state administrative level, the Supreme Court stated that the availability of attorney fees for work done in state administrative proceedings "should not depend upon whether the complainant ultimately finds it necessary to sue in federal court to obtain relief other than attorney's fees." *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 66, 100 S.Ct. 2024, 2032, 64 L.Ed.2d 723 (1980). The language in that decision makes it clear that, in a case where a party prevails on a discrimination claim at the administrative level and does not file a suit in federal court other than for the award of fees, that party is nevertheless entitled to fees under Title VII. *See, e.g., Porter v. District of Columbia,* 502 F.Supp. 271 (D.C. 1980), *reversed and remanded on other grounds* 673 F.2d 552 (D.C.Cir.1982). The present case is therefore an action or proceeding in which plaintiff could recover attorney fees if she is the prevailing party.

■ After examining the applicable law, however, we are convinced that the plaintiff may not be considered a "prevailing party" under Title VII and thus cannot recover attorney fees for work done at the administrative level. To be considered a prevailing party, plaintiff must prevail on the merits of at least one of her Title VII discrimination claims. *Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). "It is sufficient if a significant issue is determined in the plaintiff's favor and leads to the achievement of some of the benefits sought by bringing suit.... When a plaintiff essentially succeeds in obtaining the sought-after relief in his claims

---

**2.** If an employee received notice of the proposed action before the effective date, the appeal to the MSPB is to be treated as an "old system case," in which substantive laws, rules, and regulations in existence prior to the effective date of the CSRA apply. This is true even if the appeal to and decision of the MSPB take place after the effective date. *See* 5 C.F.R. § 1201.191(c) (1978).

on the merits, that plaintiff is a prevailing party." *Reel v. Arkansas Dept. of Correction,* 672 F.2d 693, 697 (8th Cir.1982).

In the present case, the plaintiff did not prevail on the merits of her Title VII claims but instead prevailed only on her procedural claim. The MSPB did not decide the issue of discrimination, it referred it to the EEOC for consideration. Plaintiff thereafter received an adverse decision on the discrimination claims when the EEOC adopted the proposed disposition of no discrimination on July 15, 1982. She then failed to follow the proper route to receive review of that adverse decision.

In support of her position that she is a prevailing party, plaintiff points out that, in other cases, plaintiffs were held to be "prevailing parties" where a consent agreement was obtained after a temporary restraining order was issued; *Iranian Students Ass'n. v. Edwards,* 604 F.2d 352 (5th Cir.1979); where the lawsuit was a catalyst even though there was no formal adjudication, *Robinson v. Kimbrough,* 620 F.2d 468 (5th Cir.1980); *Foster v. Boorstin,* 561 F.2d 340 (D.C.Cir.1977); and where litigation was settled by voluntary agreement, *Parker v. Califano,* 561 F.2d 320 (D.C.Cir.1977); *Brown v. Culpepper,* 559 F.2d 274 (5th Cir. 1977). These cases, as well as the other cases cited by plaintiff, are not on point. This case involves a factual situation in which plaintiff challenged her removal on two distinct grounds: (1) that the removal actions were procedurally defective; and (2) that the removal was discriminatory. Plaintiff prevailed on the first ground and subsequently received an adverse decision on the discrimination ground.

A similar situation was presented in *Reel v. Arkansas Dept. of Corrections, supra.* In that case, plaintiff initiated a wrongful discharge action against various state officials under 42 U.S.C. § 1983. He alleged deprivation of various constitutional rights but also claimed assault and false imprisonment. The plaintiff was successful only with regard to his claims of assault and false imprisonment, and the court held that this was not enough to make him a "prevailing party" under 42 U.S.C. § 1988.[3] 672 F.2d at 697.

Plaintiff, however, claims that the MSPB determination mooted the discrimination issue because plaintiff received all of the relief requested, namely, reinstatement with back pay. But in order to recover attorney fees, plaintiff must establish that she prevailed on the merits of her discrimination claim; merely prevailing on the procedural issue is not sufficient. Thus, the plaintiff was required to appeal the EEOC decision or file suit in federal court under Title VII and ultimately "prevail." We recognize that this is a somewhat anomalous result. Plaintiff succeeded in getting the requested relief but then was required to pursue her action further for the sole purpose of obtaining attorney fees. Absent some success on the merits, however, this Court simply does not have power to award attorney fees.

Plaintiff also contends that the MSPB was required by 5 U.S.C. § 7702 to decide both the issue of discrimination and the procedural appeal. It is true that § 7702 requires that, when the MSPB receives a mixed petition where a discrimination claim is advanced along with an appealable action, the MSPB must decide both the issue of discrimination and the appealable action. But that section of the statute is part of the CSRA and is not applicable to the present case. Since this case was processed under the old law, the MSPB correctly reached only the procedural issue and properly referred the discrimination issue to the EEOC for determination.[4]

---

3. Cases under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, are authority for interpretations of 42 U.S.C. § 2000e–5(k). *Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir.1978).

4. In their stipulation, the parties stated that plaintiff elected to pursue her "Part 713 complaints" as a part of her appeal to the MSPB. The parties did not elaborate on the precise procedure that was followed, but the appeal apparently was processed pursuant to 5 C.F.R. Part 772 (1978). Plaintiff was able to have her

For the reasons stated, it is

ORDERED (1) that the issue of liability should be and the same is hereby separated for determination pursuant to Rule 42(b) of the Rules of Civil Procedure. It is further

ORDERED (2) that plaintiff's motion for partial summary judgment should be and is hereby denied. It is further

ORDERED (3) that defendant's motion for partial summary judgment should be and is hereby granted.

discrimination claim "mixed" with the appealable action under 5 C.F.R. § 713.236 (1978). Subsection (c) of 5 C.F.R. 772.306 (1978) states:
A decision on the appeal under this subpart may be made only after completion of investigation of the allegation of discrimination, except when the decision on the appeal under this subpart is to reverse the appealed action on the basis of failure to comply with procedural requirements.