Arnida B. LAMONT, Petitioner,

v.

Elijah B. ROGERS, City Administrator,
et al., Respondents.

No. 83–133.

District of Columbia Court of Appeals.

Argued Oct. 20, 1983.

Decided Aug. 21, 1984.

Robert B. Fitzpatrick, Washington, D.C., with whom Anne-Marie Verstegen, Gordon J. Orenbuch and Stephen S. Rappoport, Washington, D.C., were on brief, for petitioner.

Gary S. Freeman, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondents.

Before FERREN and TERRY, Associate Judges, and KERN, Associate Judge, Retired.*

TERRY, Associate Judge:

Petitioner, an employee of the District of Columbia in the Office of the Controller, filed a complaint in June 1982 with the District's Office of Human Rights (OHR). Her grievance was founded on her failure since February 1980 to gain a promotion, particularly to the post of Chief of Treasury Operations, to which a man was appointed. Petitioner alleged that her supervisors in the Controller's Office had discri-

---

* Judge Kern was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on May 25, 1984.

minated against her on the bases of sex, personal appearance, and family responsibilities, and had retaliated against her when she protested, in violation of the District's Human Rights Law, D.C.Code §§ 1–2501 through 1–2557 (1981). She also claimed that her supervisors had discriminated against females as a class in hiring and promoting.

An OHR investigator conducted a fact-finding conference and issued a recommendation to respondent Anita Shelton, the District's Director of Equal Employment Opportunity. Finding that petitioner had failed to show probable cause to believe that a violation of the Human Rights Law had occurred, Mrs. Shelton dismissed the complaint. Respondent Elijah Rogers, the City Administrator, affirmed the dismissal.

Petitioner argues that the dismissal of her complaint violated regulations governing employment discrimination claims by District of Columbia employees, and that the regulations themselves, contained in Mayor's Order No. 75–230, 1975 D.C.Stat. 510, are defective. Respondents contend, on the other hand, that petitioner's complaint is not a "contested case" within the meaning of D.C.Code § 1–1502(8) (1981), and that this court therefore lacks jurisdiction to entertain her petition for review. We agree with respondents and dismiss the petition.

■■■■ This court's power to review administrative proceedings is conferred by the District of Columbia Administrative Procedure Act (DCAPA), D.C.Code §§ 1–1501 through 1–1510 (1981). Section 1–1510(a) provides in pertinent part:

Any person suffering a legal wrong, or adversely affected or aggrieved, by an order or decision of the Mayor or an agency *in a contested case*, is entitled to a judicial review thereof in accordance with this subchapter upon filing in the District of Columbia Court of Appeals a written petition for review.... Upon the filing of a petition for review, the Court shall have jurisdiction of the proceeding, and shall have power to affirm, modify, or set aside the order or decision complained of, in whole or in part, and, if need be, to remand the case for further proceedings, as justice may require. [Emphasis added.]

Thus our jurisdiction over this petition depends upon whether the matter before the City Administrator and the Director of Equal Employment Opportunity was a "contested case," as defined in D.C.Code § 1–1502(8):

The term "contested case" means a proceeding before the Mayor or any agency in which the legal rights, duties, or privileges of specific parties are required by law (other than this subchapter), or by constitutional right, to be determined after a hearing before the Mayor or before an agency, but shall not include:

(A) Any matter subject to a subsequent trial of the law and the facts de novo in any court;

(B) The selection or tenure of an officer or employee of the District .... [1]

Like the present case, *O'Neill v. District of Columbia Office of Human Rights*, 355 A.2d 805 (D.C.1976), involved a petition for review of the summary dismissal of a District of Columbia employee's job discrimination complaint. We held in *O'Neill* that because the petitioners were also entitled to sue under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(b), their

---

1. Petitioner contends that the Human Rights Law expands the scope of this court's jurisdiction beyond that conferred by the DCAPA. We disagree. D.C.Code § 1–2554 (1981), which states that decisions of the Human Rights Commission are reviewable by this court, closely tracks the language of the DCAPA. *See* D.C. Code § 1–1510 (a) (1981). Nor does Mayor's Order No. 75–230 reflect any intention to allow us to review the disposition of any administrative proceeding which is not a "contested case."

complaint was "subject to a subsequent trial of the law and the facts de novo," D.C.Code § 1–1502(8)(A), and hence was not a "contested case." Accordingly, we dismissed the petition for want of jurisdiction. Respondents argue that petitioner here has a cause of action under Title VII, and that *O'Neill* therefore controls.

■ Petitioner's complaints of sexual discrimination and retaliation are cognizable under 42 U.S.C. §§ 2000e–2(a)(1) and 2000e–3(a), respectively. She questions, however, whether in fact she will be able to pursue them. Because of an error either by her or by OHR, her complaint was not cross-filed with the Equal Employment Opportunity Commission (EEOC) within the required time. Nevertheless, as she acknowledges, the EEOC is investigating her complaint; her Title VII claim is still alive. Clearly, then, petitioner's sexual discrimination and retaliation claims fall within the scope of *O'Neill.*

Petitioner does raise a point which *O'Neill* did not address. She contends that because compensatory damages, which are authorized by D.C.Code § 1–2553(a)(1)(D), have usually been held unavailable under Title VII, *see, e.g., Dual v. Griffin,* 446 F.Supp. 791, 800 n. 40 (D.D.C.1977), the Title VII route does not lead to a de novo trial within the meaning of section 1–1502(8)(A). Respondents counter, however, that petitioner cannot obtain compensatory damages under District of Columbia law in any event. They maintain that her available remedies are limited to those spelled out in section 19(b) of Mayor's Order No. 75–230, which does not mention compensatory damages. We reject this argument because section 19(b) also states that remedial actions upon a finding of discrimination "need not be limited" to those enumerated.

■ Thus it may be that there are more remedies available to petitioner under the Human Rights Law than under Title VII. But she has not sought compensatory damages. She has not even hinted that promotion and back pay, available under both the Human Rights Law and Title VII, would not compensate her for any damage she may have suffered. Absent any claim for further damages, the purported disparity in the available remedies makes no difference; *O'Neill* controls.

■ It is only petitioner's sexual discrimination and retaliation claims, of course, which *O'Neill* bars us from considering. Title VII provides no remedy for discrimination based on personal appearance and family responsibilities, both of which petitioner has alleged.[2] However, those claims as well are beyond our jurisdiction.

■ Section 10(d) of Mayor's Order No. 75–230 states that "[i]f the Director [of Equal Employment Opportunity] has made no summary determination, the complainant shall be advised of his right to formal hearing ...." 1975 D.C.Stat. at 518. Conversely, if the Director has made such a determination, as she did here, no such right arises. Nor, as petitioner acknowledges, does due process demand a formal hearing unless probable cause is shown; all that is required is the opportunity to make such a showing. In *Weinberger v. Hynson, Westcott & Dunning, Inc.,* 412 U.S. 609, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973), the Supreme Court rejected a challenge to Food and Drug Administration regulations allowing revocation, without a hearing, of its approval of new drug applications. The Court declared, "We cannot impute to Congress the design of requiring, nor does due process demand, a hearing when it appears

---

2. Arguably, petitioner's family responsibilities claim would fall within section 2000e–2(a)(1), based as it is on a patently sexist remark which the Controller, Alphonse G. Hill, allegedly made to petitioner. However, Title VII does not provide a remedy for discrimination on the basis of family responsibilities *per se.*

conclusively from the applicant's 'pleadings' that the application cannot succeed." *Id.*

Under the DCAPA, an administrative proceeding is a "contested case" only if "a trial-type hearing ... is implicitly required by either the organic act or constitutional right." *Chevy Chase Citizens Association v. District of Columbia Council,* 327 A.2d 310, 314 (D.C.1974). Since no trial-type hearing was required here, this is not a "contested case." Thus, even if *O'Neill* were not on the books, this court would have no jurisdiction to review the dismissal of any of petitioner's claims. Her only recourse is a civil action in the Superior Court.[3] We recognize that a civil suit is less efficient, and perhaps more time-consuming, than direct review by petition in this court. But we are powerless to extend our jurisdiction to matters, such as this one, which the legislature has clearly placed beyond our reach. We therefore dismiss the petition for review, without prejudice to the filing of a civil action in the Superior Court, and without prejudice to such further proceedings as may be appropriate under Title VII of the Civil Rights Act. We are confident that petitioner's able and conscientious counsel will do whatever can be done to obtain all available relief for his client.

*Petition dismissed for lack of jurisdiction.*

---

**3.** Such a civil action would not be barred by our decision in *Williams v. District of Columbia,* 467 A.2d 140 (D.C.1983), since petitioner, unlike the plaintiff in *Williams,* has exhausted her administrative remedies.