Lisa M. **JONES, Plaintiff,**

v.

**AMERICAN STATE BANK, Defendant.**

No. Civ. 87–5013.

United States District Court,
D. South Dakota, W.D.

Sept. 22, 1987.

Jane Wipf, Lynn, Jackson, Shultz & Lebrun, Rapid City, S.D., for plaintiff.

Robert Varilek, Rapid City, S.D., for defendant.

## MEMORANDUM OPINION

BATTEY, District Judge.

On August 28, 1987, Plaintiff moved this Court pursuant to Rule 56(c) of the Federal Rules of Civil Procedure for an order granting partial summary judgment. On September 14, 1987, Defendant responded to Plaintiff's motion.

The only question presented in this case is whether the Plaintiff can maintain an action in United States District Court for attorney's fees incurred as a result of the successful maintenance of an employment discrimination suit before a state administrative agency when no provision for such fees is available under state law.

Rule 56(c) of the Federal Rules of Civil Procedure provide that summary judgment may be granted:

> [I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"In addition, all facts must be viewed in the light most favorable to the parties opposing the motion ... and they must be given the benefit of all reasonable inferences." *Stokes v. Lokken,* 644 F.2d 779, 782 (8th Cir.1981) *citing Vette Co. v. Aetna Casualty and Surety Co.,* 612 F.2d 1076, 1077 (8th Cir.1980). In other words, summary judgment is justified only when, viewing the facts and inferences that may be derived therefrom in the light most favorable to the nonmoving party, the Court is convinced that there is no evidence to sustain recovery under any circumstances. *Buller v. Buechler,* 706 F.2d 844 (8th Cir.1983).

The pertinent facts of this case reveal that on April 21, 1986, Plaintiff informed

her employer (Defendant) that she was pregnant. She was fired immediately. Plaintiff then brought a charge of sexual discrimination against the Defendant before the South Dakota Division of Human Rights (Division).

South Dakota law prohibits the discharge of an employee because of sex (SDCL 20–13–20) and the South Dakota Human Rights Commission (Commission) has the authority to adopt regulations consistent and necessary for the enforcement of SDCL 20–13. *See* SDCL 20–13–27. Plaintiff's charge of sexual discrimination was reviewed by the Commission and the hearing examiner found that the Defendant had discriminated against the Plaintiff because of her sex in violation of SDCL 20–13–10. The Plaintiff was then awarded full back pay plus interest as well as costs; however, Plaintiff's request for attorney's fees was denied.

In denying Plaintiff's request for attorney's fees, the hearing examiner noted that "[a]lthough the federal statutes allow for attorney's fees in Title VII cases, South Dakota law does not provide for an award of attorney's fees." *See* Exhibit A, p. 14 (Memorandum of Division) appended to Plaintiff's Complaint. Thus, because South Dakota law did not specifically provide for attorney's fees, the hearing examiner denied Plaintiff's request for fees. *Id. See also Lowe v. Steele*, 368 N.W.2d 610 (S.D. 1985) (attorney's fees awarded only as specifically provided by statute).

On February 13, 1987, Plaintiff brought this action pursuant to 42 U.S.C. §§ 2000e–2(a)(1), 2000e(k) and 2000e–5(k) seeking an award of attorney's fees. Plaintiff invoked this Court's jurisdiction pursuant to 42 U.S. C. § 2000e–5(f), 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

The Defendant asserts that before this Court may entertain jurisdiction over this matter, Plaintiff must exhaust further administrative remedies; additionally, Defendant asserts that this action is barred by the application of res judicata. The Defendant also argues that the award of attorney's fees is a factual question not appropriate for summary judgment in that the amount awarded is to be an amount which is reasonable and therefore a genuine issue of fact as raised precluding summary judgment.

Plaintiff's second amended complaint filed May 13, 1987, requests not only reasonable attorney's fees and costs in pursuing her successful claim throughout the state administrative proceeding, but also throughout these proceedings. Plaintiff's attorney avers that as of August 15, 1987, she had devoted over 130 hours to this matter, and that the fee charged to her client was $75 per hour. Plaintiff additionally submits the affidavit of her attorney's paralegal. The paralegal avers to have expended over 60 hours of work on Plaintiff's case at the rate of $35 per hour. The Defendant has not rebutted the facts of Plaintiff's attorney's fees or hours, but does challenge those of the paralegal as being outside the scope of "reasonable" attorney's fees.

As noted in the hearing examiner's memorandum, South Dakota prohibits employment discrimination based upon sex. SDCL 20–13. Furthermore, the South Dakota Human Rights Commission has been given the authority to adopt regulations consistent with the enforcement of SDCL 20–13. Title VII of the Civil Rights Act of 1964 makes it an "unlawful employment practice ... to discriminate against any individual ... because of such individual's race, color, religion, sex or national origin...." 42 U.S.C. § 2000e–2.

Section 706(k) of the Civil Rights Act of 1964, 78 Stat. 261, 42 U.S.C. § 2000e–5(k), provides:

> In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs.

South Dakota has been designated and certified by the Equal Employment Opportunity Commission (EEOC) as a "designated 706 agency." 29 C.F.R. §§ 1601.74(a), 1601.80.

Title VII embodies a deliberate congressional policy of giving state agencies the

first opportunity to resolve complaints of discrimination. An aggrieved person may not even file a charge with the EEOC until sixty days after proceedings have been commenced under state law. 42 U.S.C. § 2000e–5(c); *see Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Consistently with the policy of referral and deferral to state agencies, proceedings under Title VII have been characterized as supplementary to available state remedies for employment discrimination. *New York Gaslight Club Inc. v. Carey*, 447 U.S. 54, 65, 100 S.Ct. 2024, 2031, 64 L.Ed.2d 723 (1980); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 48–49, 94 S.Ct. 1011, 1019–1020, 39 L.Ed.2d 147 (1974).

■ In *New York Gaslight Club*, the Supreme Court was faced with a state statute which did not authorize an award of attorney's fees for work performed in an employment discrimination case brought before a state administrative body. *Id.* The Court in *New York Gaslight Club* held that federal court action could be brought to recover an award for such fees. *Id.*

Initial resort to state and local remedies is mandated and recourse to the federal forums is appropriate only when the state does not provide prompt or complete relief.

*New York Gaslight Club*, 447 U.S. at 65, 100 S.Ct. at 2031.

Title VII explicitly leaves the states free, and indeed encourages them to exercise their regulatory power over discriminatory employment practices. Title VII merely provides a supplemental right to sue in federal court is satisfactory relief is not obtained in state forums.

New York Gaslight Club, 447 U.S. at 67, 100 S.Ct. at 2032.[1] "The language [of New York Gaslight] makes it clear that in a case where a party prevails on a discrimination claim at the administrative level and does not file a suit in federal court other than for an award of fees, that party is nevertheless entitled to fees under Title VII." *Skinner v. EEOC*, 551 F.Supp. 333, 337 (W.D.Mo.1982) (other citations omitted).

This Court finds *New York Gaslight Club* dispositive. South Dakota has not provided for attorney's fees. Title VII provides supplementation in this area and does provide for such attorney's fees and therefore Plaintiff's position is well founded under the holding of *New York Gaslight Club*.

■ The Defendant's res judicata is misplaced.[2] If an unappealed state administrative decision on employment discrimination were res judicata as to a Title VII action based on the same facts, then the function of Title VII as a supplement to state remedies would be frustrated. *See Patzer v. Board of Regents*, 763 F.2d 851, 857 (7th Cir.1985) (res judicata argument not applicable to award of back pay). This action is not, as Defendant's brief suggests, a relitigation of the issue of attorney's fees, but instead it is merely another in a series of administrative steps by which the Plaintiff seeks to vindicate her rights. Hardly can one assert that res judicata bars the Plaintiff's claim when the law of the state of South Dakota prevents the litigation of the issue. The Plaintiff's only remedy is resort to the federal court to enforce the federal remedy.

As a matter of law, this Court finds that the Plaintiff's maintenance of this action for attorney's fees is well founded, and

---

**1.** The hearing examiner's analysis proceeded pursuant to the guidelines for the order of proof in employment discrimination cases announced by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which were later explicated and refined in *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978), *Board of Trustees v. Sweeney*, 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978), *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

**2.** Distinguish *Webb v. Board of Education of Dyer County*, 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985) (distinguishing section 706(k) of Title VII and section 1983 attorney's fees cases in light of *New York Gaslight Club*); *North Carolina Dept. of Transportation v. Crest Street*, —— U.S. ——, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986) (distinguishing Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 from the mandatory state employment discrimination proceedings used to enforce Title VII as in *New York Gaslight Club*).

therefore, a partial summary judgment in favor of the Plaintiff shall be entered in accordance with this memorandum opinion.

Furthermore, this Court has reviewed the Defendant's argument that a fee for paralegal services should not be allowed. In *Hawkins v. Anheuser–Busch, Inc.*, 697 F.2d 810, 817 (8th Cir.1983), the Eighth Circuit Court of Appeals found that "paralegal fees should be allowed if reasonable and not duplicative of other legal fees." (Other citations omitted.) Given the fact that this Court finds that the Plaintiff may maintain a suit for attorney's fees, and that paralegal fees may be awarded if reasonable and not duplicative of other attorney's fees, this Court deems it prudent that an evidentiary hearing be had in this matter.

